OPINION OF THE COURT
Jones, J.
In a proceeding brought to enforce compliance by a public utility with a condition contained in an order of the governmental regulating agency, the utility may not challenge the authority of the agency to impose the condition when the utility has failed to assert such challenge by a timely proceeding under CPLR article 78.
Rotelcom, Inc., a nonregulated corporation engaged in marketing and distribution of telecommunications systems and equipment, is a wholly owned subsidiary of Rochester Telephone Corporation, a public utility subject to the jurisdiction of the New York State Public Service Commission (Commission). Following an application by Rochester Telephone pursuant to section 107 of the Public Service Law* for permission to use a portion of its revenues for financing *323 divisions of Rotelcom, on January 24, 1979 the Commission granted an order authorizing such use by Rochester Telephone of revenues in amounts aggregating not more than $2,200,000. The order further provided that “the authority granted by this order is upon the express condition that prior to any further investing in Rotelcom, Inc., in excess of $2,200,000, Commission approval will first be sought and received”.
Thereafter it was discovered by an accountant of the Public Service Commission assigned to review Rochester Telephone’s books and records that, following issuance of the above order and up to July 7, 1980, Rochester Telephone had from time to time invested in Rotelcom, in addition to the $2,200,000 authorized by the order, approximately $5,400,000, the amount of quarterly dividends received by the utility from two wholly owned subsidiary local telephone companies. On July 9, 1980 the Commission instituted this proceeding pursuant to then section 103 (now section 26) of the Public Service Law, alleging that the latter investments, made without prior Commission approval, were in violation both of section 107 of the Public Service Law and of the condition of the order of January 24, 1979. The petition sought a judgment directing Rotelcom to restore the unauthorized investments to Rochester Telephone and prohibiting any further investments by Rochester Telephone in Rotelcom without consent having first been obtained from the Commission. Respondents’ answer denied that Rochester Telephone’s investments of dividend income received from its two wholly owned subsidiaries required prior consent by the Commission, either by reason of section 107 of the statute or of the condition in the Commission’s earlier order, asserting that the income was not revenue attributable to the rendition of public service.
Supreme Court dismissed the petition on the ground that income derived by Rochester Telephone from ownership of *324 stock in local telephone companies did not constitute “revenues received from the rendition of public service” and was therefore not subject to prior Commission approval under section 107 of the Public Service Law with respect to its use. That court made no express determination as to the effect of the condition contained in the Commission’s order of January 24, 1979. The Appellate Division, however, reversing Supreme Court and awarding the relief requested in the petition, determined that the petition should have been granted without consideration of the issue whether the phrase “revenues received from the rendition of public service” used in section 107 includes dividends from ownership interests in regulated utilities because Rochester Telephone had made no timely challenge to the bar in the Commission’s order against any further investments by it in Rotelcom without prior Commission approval, which bar had been violated.
We now affirm the Appellate Division’s disposition. In so doing, we express no view as to the reach of the language employed in section 107 of the Public Service Law or as to the statements with respect thereto set out in the opinion of that court. The language of the condition contained in the Commission’s order of January 24, 1979 is explicit and unmistakable — it prohibits “any further investing in Rotelcom, Inc.” without prior Commission approval, The transfer to Rotelcom by Rochester Telephone, between the date of the order and the institution of this proceeding, of $5,400,000 (the amount of the dividends received from the investor’s subsidiaries) was a patent violation of that clear injunction.
Rochester Telephone’s assertion that the Commission itself understood its condition as a limitation not on any further investments (as the order explicitly provides) but only on future investments of revenues generated by rendition of public service, and its reliance on a letter by the Commission’s chairman to a competitor of Rotelcom dated June 19, 1979 as the predicate for that assertion, are ill-founded. The letter simply recites the position taken by Rochester Telephone with respect to the legality of its Rotelcom investments already made in excess of the sum authorized; it makes no reference to the 1979 order and *325 includes no statement that nonutility revenues are outside the scope of the condition which it contained. Moreover, if it had been the Commission’s intention to rely only on its regulatory authority under section 107 there would have been no occasion to include any condition in the order.
The utility’s second, principal argument — that the provision in the Commission’s order barring unapproved, additional investments in Rotelcom must necessarily be limited only to investments of public service generated revenue because it is only over such revenue that the Public Service Commission has regulatory power under section 107 of the statute, and that the agency has only the authority expressly conferred on it by statute and cannot, by the device of including a condition in its order, expand such authority — addresses the legitimacy of the condition contained in the order and thus comes too late in this proceeding. The cases which Rochester Telephone cites and on which it relies for such substantive propositions are accordingly inapposite in the present proceeding. Any claim that the restriction on future investments, extending to “any further investing”, was overbroad and beyond the authority of the Commission would properly have been the subject of a proceeding under CPLR article 78 to review the Commission’s order. The utility, having failed to avail itself of that procedure — designed for challenges of just the sort it now seeks to raise and carrying a four-month period of limitation — may not in this Commission’s enforcement proceeding, instituted 17 months after issuance of the order and after the utility has taken full advantage of the permission therein granted to it to invest $2,200,000 in Rotelcom, mount an attack on the condition in the order as an excessive exercise of the Commission’s power. As the Appellate Division aptly observed, “the time for such a challenge is now long past” (81 AD2d, p 202).
No authority for permitting this tardy assault on what was presumably a material component of the order granted on Rochester Telephone’s application has been tendered by the utility. Matter of Lockport Light, Heat & Power Co. v Maltbie (257 App Div 11), an earlier case from the Third Department, did not consider the availability of another remedy with a shorter Statute of Limitations for a chai *326 lenge to a condition imposed in a prior order of the Public Service Commission; to the extent that the result in that case may be viewed as contrary to that in the present case, decided by the same court, it must be regarded as having been superseded in that department. United States v Chicago R.R. Co. (282 US 311) and Public Serv. Comm. v Montana-Dakota Utilities Co. (100 NW2d 140 [ND]) involved judicial proceedings instituted by the public utility or public carrier directly to challenge conditions of agency orders. While People ex rel. Utilities Comm. v City of Loveland (76 Col 188) did allow a collateral attack on an order of the regulatory agency, the attack was there sustained on jurisdictional grounds. In that case the Colorado Public Utilities Commission brought a proceeding to enforce an order denying the application of the City of Love-land for permission to construct a municipal electric light and power plant and to enjoin its construction. The city challenged the authority of the commission to deny its application. The commission’s contention that, inasmuch as the city had failed to challenge its order by a timely writ of review, the city was barred from raising the challenge in the enforcement proceeding was rejected. Because the city’s challenge, based on an express prohibition in the Colorado Constitution against commission interference with municipal improvements, went to the jurisdiction of the commission, the court held that the city was not precluded by its failure to have sought a writ of review. In the case now before us there can be no assertion of lack of jurisdiction, Rochester Telephone (a regulated public utility) being subject to the supervision of the agency and the order of January 24, 1979 being one of a kind which the Commission was empowered to issue under section 107 of the Public Service Law; at most, the inclusion of the challenged condition would represent only an excessive exercise of the authority vested in the Commission.
Nor does Rochester Telephone advance any policy consideration for permitting a challenge at this late date to the propriety of the condition attached to the Commission’s order which authorized an investment of more than two million dollars in Rotelcom by Rochester Telephone. Indeed, policy considerations militate against such permis *327 sion. We have recognized that, when financial planning on a significant scale is involved, the prompt assertion and resolution of challenges to governmental agency actions and directives are mutually beneficial (Solnick v Whalen, 49 NY2d 224, 232-233). This would certainly have been so in the present case. The utility would have known whether to predicate its financial planning on the necessity to obtain Commission approval of all further investment in Rotelcom or only of further investment of revenues received from the rendition of public service. The Commission for its part, would have been in a position to decide whether to grant unconditional approval of the initial investment of $2,200,000 in reliance on its continuing regulatory authority under section 107 as to future investments or to withdraw its approval of the initial investment.
Because Rochester Telephone is now precluded from contesting the restriction against the investments of $5,400,000 made in Rotelcom and because those investments were made without prior approval of the Commission in contravention of the order of January 24,1979, the Commission was entitled to the relief which has been awarded to it by the Appellate Division’s order. Accordingly, that order should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Wachtler, Fuchsberg and Meyer concur; Judge Gabrielli taking no part.
Order affirmed.

 Public Service Law, § 107 provides:
"§ 107. Approval of the use of revenues
*323 “Except with the consent and approval of the public service commission first had and obtained, no public utility shall use revenues received from the rendition of public service within the state for any purpose other than its operating, maintenance and depreciation expenses, the construction, extension, improvement or maintenance of its facilities and service, the payment of its indebtedness and interest thereon, and the payment of dividends to its stockholders.”