OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified, without costs, by converting this proceeding into a declaratory judgment action, and declaring that petitioner is not debarred from bidding on State or municipal contracts.
 

 Petitioner, Lewis Tree Service, Inc., brought this article 78 proceeding seeking to annul a determination of the New York City Fire Department awarding a contract for the trimming of trees to another bidder and to direct that it be awarded the contract. Although petitioner appears to have been the lowest bid
 
 *669
 
 der, the Fire Department declined to award it the contract because of a previous determination by the Comptroller that it had violated the provisions of Labor Law § 231(2) in that it had failed to pay some 15 exterminators the prevailing wage and benefits under two tree-spraying contracts it had with the New York City Housing Authority.
 

 The Comptroller’s determination, made in accordance with the authority vested in him by Labor Law § 230 (8), § 235 and Public Housing Law § 152, was never challenged in an article 78 proceeding, and, under settled principles, cannot be collaterally attacked in this proceeding (2 Am Jur 2d, Administrative Law, §§ 491, 493;
 
 cf. Lacks v Lacks,
 
 41 NY2d 71). No debarment from further bidding resulted by virtue of Labor Law § 235 (7), however, because the Comptroller made but a single determination
 
 (see, Matter of Dadson Plumbing Corp. v Goldin,
 
 66 NY2d 718).
 

 Although it was thus error for the Fire Department to disqualify petitioner from bidding, as petitioner concedes, the contract sought to be annulled has been let and completed. Consequently, the relief sought in this proceeding cannot now be granted. Accordingly, we convert the proceeding to a declaratory judgment action and make a declaration in its favor (CPLR 103 [c]). We reject the suggestion in petitioner’s brief that it be awarded money damages because of the prejudice to the City and the lack of compliance with the provisions of Administrative Code of the City of New York § 394a-1.0.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
 

 Order modified, without costs, in accordance with the memorandum herein and, as so modified, affirmed.