■ CITY OF NEW YORK, Respondent, v EAST NEW YORK WRECKING CORP. et al., Appellants.—Order and judgment (one paper) of the Supreme Court, New York County (Karla Moskowitz, J.), entered March 3, 1989, which, *inter alia,* adjudged that the defendant's interest in a 1973 Autocar truck and a 1977 Thiel trailer was forfeited to the City of New York pursuant to Administrative Code of the City of New York § 16-119 (e) (2), unanimously affirmed, without costs.

The inadvertent and premature sale of the subject vehicles prior to the trial court's determination of the forfeiture action, while divesting the trial court of its in rem jurisdiction over the subject vehicles *(see, Tracey v Corse,* 58 NY 143, 151; *see also, Santora Equip. Corp. v City of New York,* 138 Misc 2d 631), did not divest the trial court of its in personam jurisdiction over the defendant owner. Thus, while insufficient to fix the status of the property irrevocably as to all the world, such jurisdiction was sufficient to validly adjudicate the owner's interest in the vehicles pursuant to Administrative Code § 16-119 (e) (2).

Defendant cannot herein collaterally attack the validity of the three determinations of the Environmental Control Board on which the forfeiture was based, as it failed to exhaust its administrative remedies *(Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57) and did not seek to timely commence a proceeding pursuant to CPLR article 78. *(See, Matter of Lewis Tree Serv. v Fire Dept.,* 66 NY2d 667, 669.) Defendant's constitutional claims have been reviewed and are without merit. The forfeiture procedures as applied here satisfy minimum procedural due process requirements. *(See, Morgenthau v Citisource, Inc.,* 68 NY2d 211, 220-223.) Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.