■ In the Matter of FRANKLIN HOSPITAL MEDICAL CENTER, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [619 NYS2d 860] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Harris, J.), entered February 10, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Health denying, inter alia, petitioner's request for recalculation of its Medicaid reimbursement rates for 1990 and subsequent years.

Petitioner, a not-for-profit health care center in Nassau County and operator of an acute care hospital, submitted an application to respondent Department of Health (hereinafter the Department) for authorization to construct Franklin Hospital Medical Center Nursing Home (hereinafter the nursing home) in December 1981. The application declared that the nursing home would be operated "in connection with" the

---

hospital and would share many of its support services. The Department requested additional information and petitioner responded that the nursing home was, *inter alia,* to be "connected physically to the hospital at each floor".

In January 1983 the State Public Health Council (hereinafter the Health Council) approved petitioner's application to construct a "hospital-based" nursing home. The Department conditionally approved the application in February 1983. Petitioner's estimated construction costs of $5,507,500 were approved. Petitioner submitted new plans with additional construction costs of $1.5 million for approval in March 1983. The new proposal eliminated the connections between each floor of the hospital and the nursing home. Instead, the connection would be through two underground tunnels under the driveway and via a first floor corridor at the front of the buildings. The Department advised petitioner that the request required an amendment to petitioner's application. The Health Council approved an application in November 1983 to increase the total construction costs to $7,407,500, upon inter alia, petitioner's written agreement to accept a "freestanding" facility designation and to be reimbursed accordingly. Although petitioner initially attempted to negotiate the condition, it later agreed in writing to accept the freestanding designation.

In November 1986, petitioner made a further request for approval of increased construction costs totaling $7,626,950 and indicated that it would absorb any costs exceeding the maximum allowable cost as set by the Department. This application was approved in March 1987 by the Department which set the maximum reimbursable construction costs at $8,876,500. In June 1988, petitioner sought approval for additional reimbursement of construction costs of over $3 million. The Department stated that this request would require an amendment of the application and further approval before petitioner signed contracts to incur the added costs. Petitioner then withdrew its request and in January 1989 received a nursing facility operating certificate.

In August 1989, petitioner requested recalculation of its 1989 and 1990 Medicaid reimbursement rates due to the increased capital costs incurred and for a change in its freestanding facility designation to a hospital-based designation. This request was denied and petitioner appealed to the Bureau of Residential Health Care Reimbursement (hereinafter the Bureau). The Bureau denied the request for 1989 as untimely and denied the request for 1990 on the merits based

on petitioner's failure to obtain prior approval for the increased costs and its earlier acceptance of the freestanding designation.

In October 1991, petitioner initiated this CPLR article 78 proceeding seeking recalculation of its reimbursement for 1990 and all subsequent years to reflect the increased capital costs and a hospital-based designation. Supreme Court ruled in favor of respondents and entered a judgment dismissing the petition. Supreme Court held that petitioner was not entitled to capital cost reimbursement because it failed to comply with regulations requiring prior approval of additional construction costs and because it had expressly agreed to absorb any cost overruns. Supreme Court also found, *inter alia,* that petitioner voluntarily agreed to the freestanding designation and that such designation is consistent with the regulatory criteria in 10 NYCRR 86-2.10 (a) (13) (ii). This appeal ensued.

The judgment of Supreme Court dismissing the petition for CPLR article 78 relief should be affirmed. Supreme Court properly concluded that the Department's determination that the nursing home be reimbursed based on its freestanding designation rather than a hospital-based designation was rational.

Initially, we note that petitioner's challenge to its freestanding facility designation is precluded by the expiration of the four-month Statute of Limitations governing commencement of a CPLR article 78 proceeding *(see, CPLR 217; New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 165-166; *Matter of Wing v Coyne,* 129 AD2d 213, 217; *see also, Matter of Public Serv. Commn. v Rochester Tel. Corp.,* 55 NY2d 320, 324-325, 327). The four-month Statute of Limitations began to run no later than March 1987 when the Department gave its final approval containing the condition. Thus, as this proceeding was not commenced until October 1991, petitioner's challenge to its freestanding designation is time barred. Moreover, petitioner voluntarily waived any objections to the freestanding designation when it accepted the designation as a condition for the Department's approval *(see, Matter of North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation v Commissioner of N. Y. State Dept. of Health,* 190 AD2d 494, 499, *lv denied* 82 NY2d 665). Petitioner could have timely challenged the imposition of the condition as arbitrary in a CPLR article 78 proceeding *(see, Matter of Public Serv. Commn. v Rochester Tel. Corp., supra; see also,* 10 NYCRR 710.6 [a]), but it chose instead to accept the Department's designation. The alleged economic pressure which petitioner claims forced it to

accept the freestanding designation was not brought to bear by the Department but by other factors.

In any event, even if petitioner was not time barred or had not waived a challenge to the freestanding designation, it has failed to demonstrate that such designation was arbitrary. There is no showing that the Department did not consider the five determining factors (see, 10 NYCRR 86-2.10 [a] [13] [ii]) in making such designation (see, *Matter of North Shore Univ. Hosp. Ctr. for Extended Care & Rehabilitation v Commissioner of N. Y. State Dept. of Health, supra,* at 499).

Petitioner's argument that the Department arbitrarily declined to reimburse it for increased capital costs incurred over those approved by the Department based on unpublished and unfiled "cost ceilings" is without merit. The stated basis for the Department's disallowance was petitioner's failure to obtain approval before incurring the increased costs, not a "cost ceiling". Regulations require prior approval in order for nursing homes to be eligible for reimbursement of increased capital costs in construction (see, 10 NYCRR 710.5 [a]; former 710.5 [b] [2]; 710.6 [b]). The Department informed petitioner that it would have to submit an amendment and receive approval for the increased costs for which petitioner gave notice in June 1988. However, petitioner withdrew its application for approval and the Department subsequently disallowed the increased costs for lack of prior approval. The record is devoid of any other reason for such disallowance.

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.