■ In the Matter of CITY OF ONEIDA, as Operator of ONEIDA CITY HOSPITALS, Appellant, v MARK CHASSIN, as Commissioner of the Department of Health of the State of New York, et al., Respondents. [645 NYS2d 912] —Casey, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered July 5, 1995 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred.

Petitioner owns and operates an acute care facility and nursing home in the City of Oneida, Madison County. The nursing home, located over a mile from the hospital, was always considered a "hospital based facility" for the purposes of Medicaid and Medicare reimbursement. In August 1989, petitioner submitted a certificate of need application to the Department of Health (hereinafter DOH) in order to construct a replacement facility immediately adjacent to its acute care facility. The application assumed that the replacement facility would also be considered a hospital-based facility for Medicare and Medicaid purposes. However, the State Hospital Review and Planning Council prepared a staff report which concluded that, under DOH policy, the new facility would be considered "freestanding" for Medicare and Medicaid purposes. Petitioner objected to this designation and requested that the new facility be considered a hospital-based facility, as was the facility it was replacing.

In March 1991, DOH approved the construction application of the nursing home at an estimated cost of $11,025,996 on condition that the Medicaid reimbursement rate for freestanding residential health care facilities was made applicable. When petitioner requested an increase in the construction cost, this request was also approved by DOH based on the nursing home's designation as a freestanding facility. In May 1991, DOH again approved an additional construction cost and conditioned its approval on the understanding that the nursing home would receive freestanding designation in respect to its Medicaid reimbursement rate. Petitioner commenced construction in June 1991, while still pursuing a hospital-based designation through informal channels. The facility was completed in January 1993, received DOH structural approval and commenced operating.

In May 1993, petitioner commenced an action against respondents which sought an order, pursuant to Public Health Law § 2801-c, enjoining DOH from changing the nursing home's designation from hospital based to freestanding. Respondents moved for summary judgment dismissing the com-

plaint; petitioner cross-moved for summary judgment on its request for an injunction. While determination of these motions was pending, DOH issued a revised Medicaid reimbursement rate for the 1993 rate year and applied the methodology applicable to freestanding facilities. Petitioner timely filed administrative appeals, contending that the designation was arbitrary. Supreme Court held that because DOH had issued a rate determination during the pendency of the motions, the action for an injunction should be dismissed as moot. Supreme Court also noted the availability to petitioner of other procedural steps such as administrative appeals.

Petitioner, believing that the administrative route would be futile, did not exhaust the administrative review process but instead commenced this CPLR article 78 proceeding in July 1994 to challenge the 1993 rate year determination on the ground that respondents' application of the freestanding reimbursement rate to the nursing home was arbitrary. Prior to answering, respondents moved to dismiss the proceeding on the ground of untimeliness and because the petition failed to state a cause of action. Subsequently, petitioner filed an amended petition seeking annulment of both the 1993 and 1994 rates. Supreme Court granted respondents' motion and dismissed the petition as barred by the four-month Statute of Limitations. Petitioner appeals. We affirm.

This Court has held that the four-month Statute of Limitations, applicable to a complaint regarding the imposition of an erroneous Medicaid reimbursement rate, begins to run on the date that DOH gave its construction approval on condition that the nursing home be designated a freestanding facility (*see, Matter of Franklin Hosp. Med. Ctr. v New York State Dept. of Health*, 210 AD2d 676, 678). In this proceeding, DOH gave its construction approval based on regulations for freestanding residential health care facilities on March 7, 1991. Petitioner commenced construction of the nursing home in June 1991 without formally challenging the condition that the nursing home would be designated freestanding, and did not commence this proceeding until July 1994, over four years after the initial DOH approval. Petitioner's challenge to its freestanding designation is, therefore, time barred (*see, New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165-166). Moreover, petitioner voluntarily waived any objection to the freestanding designation when it accepted the designation as a condition for DOH's approval (*see, Matter of North Shore Univ. Hosp. Ctr. v Commissioner of N. Y. State Dept. of Health*, 190 AD2d 494, 499, *lv denied* 82 NY2d 665).

Petitioner's further argument that respondents are collaterally estopped from raising the Statute of Limitations defense is meritless. Respondents moved for dismissal of the action petitioner commenced in May 1993 on the ground of untimeliness. While this motion was pending, respondents made a rate determination based upon the designation of the nursing home as a freestanding facility. Due to this determination, Supreme Court concluded that the action against respondents was moot and dismissed it. The dismissal did not discuss or rule on the merits of respondents' Statute of Limitations defense. Therefore, petitioner's claim of collateral estoppel in regard to this defense must be rejected (*see, Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455).

We have examined petitioner's other contentions and find them untenable. The judgment of Supreme Court should be affirmed.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.