(October 15, 1996)

■ ABIELE CONTRACTING, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. (And a Related Action.) [648 NYS2d 468] —In an action to recover damages for the wrongful termination of a construction contract, the plaintiff Abiele Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated September 15, 1995, as granted the motion of the defendant New York City School Construction Authority for summary judgment dismissing the complaint, and denied its cross motion for partial summary judgment on the issue of liability with respect to its fourth cause of action and to dismiss the defendant's fourth, fifth, and twelfth affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

In April 1993, after a hearing before its Default Committee, the defendant determined that the plaintiff contractor was in default under a construction contract and terminated the contract. The plaintiff appealed from this determination to the defendant's president, and on June 10, 1993, the defendant's president advised the plaintiff of his decision to adhere to the original determination. The plaintiff thereupon commenced this action by summons and complaint dated October 21, 1993, claiming that the termination had been unlawful and that the plaintiff was entitled to damages as a result of the wrongful termination. The defendant answered and later moved for summary judgment, claiming, in relevant part, that the action should be dismissed because the plaintiff had failed to timely commence a proceeding pursuant to CPLR article 78 to challenge the original determination. The plaintiff cross-moved for partial summary judgment in connection with its fourth cause of action and to dismiss certain of the defendant's affirmative defenses.

By order dated September 15, 1995, the Supreme Court, Queens County, granted the defendant's motion for summary judgment and denied the cross motion, finding, in relevant part, that the plaintiff's failure to challenge the Default Committee's determination in a proceeding pursuant to CPLR article 78 within the four-month period provided by the relevant Statute of Limitations barred the assertion of the plaintiff's claims. We affirm.

It is a settled principle of law that a litigant who fails to timely challenge an administrative determination in a CPLR article 78 proceeding cannot later attack the determination collaterally (*see, Matter of Lewis Tree Serv. v Fire Dept.*, 66 NY2d 667, 669; *City of New York v East N. Y. Wrecking Corp.*, 161 AD2d 489).

The complaint at issue, framed as it is in terms of wrongful termination of contract, cannot be characterized as anything other than a collateral attack on the Default Committee's determination. The plaintiff's claims with regard to the defendant's statutory and contractual authority to conduct the Default Committee hearing, as well as its claims regarding the motives for and the procedure employed at the hearing, should have been the subject of a CPLR article 78 proceeding commenced within four months of the time when the determination became final and binding (*see,* CPLR 217).

Moreover, the plaintiff's contention that the contract extended the applicable Statute of Limitations period to six months is without merit. Any attempted extension of the Statute of Limitations, made before a cause of action accrues, is void and unenforceable as against public policy (*see, Kassner & Co. v City of New York,* 46 NY2d 544, 551).

In light of the foregoing, we need not address the plaintiff's remaining contentions. O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.