(December 21, 1998)

■ ABIELE CONTRACTING, INC., Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Respondent. (And a Related Action.) [682 NYS2d 419] —In an action to recover damages for the wrongful termination of a construction contract, the plaintiff, Abiele Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated September 15, 1995, as granted the motion of the defendant New York City School Construction Authority for summary judgment dismissing the complaint, denied its cross motion for partial summary judgment on the issue of liability with respect to its fourth cause of action and to dismiss the defendant's fourth, fifth, and twelfth affirmative defenses, and granted that branch of the cross motion which was to dismiss the counterclaim only to the extent of dismissing the counterclaim without prejudice to the defendant commencing a plenary action for the same relief. By decision and order of this Court dated October 15, 1996, the order was affirmed insofar as appealed from (*see, Abiele Contr. v New York*

*City School Constr. Auth.*, 232 AD2d 440). By decision and order of the Court of Appeals dated October 28, 1997 (91 NY2d 1), the order of this Court was reversed and the matter was remitted to this Court for consideration of the issues raised, but not determined, on the appeal to this Court (*see, Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, *supra*).

Ordered that the order is modified by (1) deleting the provision thereof granting the motion for summary judgment and substituting therefor a provision denying the motion, (2) deleting the provision thereof denying those branches of the cross motion which were to dismiss the fourth and fifth affirmative defenses and substituting therefor provisions granting those branches of the cross motion, and (3) deleting the provision thereof granting that branch of the cross motion which was to dismiss the counterclaim to the extent of dismissing the counterclaim without prejudice to the defendant commencing a plenary action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

The plaintiff, Abiele Contracting, Inc. (hereinafter Abiele), contracted as general contractor with the defendant New York City School Construction Authority (hereinafter the SCA) to renovate the Samuel J. Tilden High School. After disputes arose concerning the progress of the work, the SCA held a hearing and determined that Abiele was in default. More than four but less than six months after the date of that determination, Abiele commenced this plenary action to recover damages for breach of contract. The SCA answered and asserted a counterclaim.

The SCA moved for summary judgment contending that the action should be dismissed because Abiele did not challenge the administrative determination of its default in a proceeding pursuant to CPLR article 78 commenced within four months of the administrative determination. Abiele opposed the motion and cross-moved, *inter alia*, for partial summary judgment. The cross motion sought a determination that the SCA had wrongly terminated the contract and was not entitled to an offset of damages, and the dismissal of the affirmative defenses asserted by the SCA concerning the Statute of Limitations, res judicata, and collateral estoppel. The Supreme Court, *inter alia*, granted the motion and dismissed the complaint.

Abiele appealed and this Court affirmed (*see, Abiele Contr. v New York City School Constr. Auth.*, 232 AD2d 440, *supra*). The Court of Appeals reversed, holding that a plenary breach of contract action, not a CPLR article 78 proceeding, was

Abiele's appropriate remedy, and remitted the matter to this Court for the consideration of issues raised but not determined on the earlier appeal (*see, Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, *supra*).

On remittitur, Abiele contends that it is entitled to summary judgment and that the SCA is not entitled to an offset of damages because the SCA wrongly terminated the contract without giving it an opportunity to take corrective measures, and because all past disputes have been resolved. The SCA contends that its correspondence terminated the contract in accordance with its terms, and that issues of fact exist as to whether the termination was effective, and whether Abiele could have cured its default had it been afforded an opportunity to do so. We agree that issues of fact exist as to the efficacy of the termination by the SCA, and the degree to which both parties discharged their obligations under the contract (*see, Nab-Tern-Betts v City of New York,* 241 AD2d 379; *J.C. Drywall & Accoustical Contrs. v West Shore Partners,* 187 AD2d 564). Consequently, it was proper to deny those branches of Abiele's cross motion which were for summary judgment on its cause of action to recover damages for wrongful termination and for dismissal of the twelfth affirmative defense. Contrary to the contention of the SCA, Abiele is not estopped from protesting the termination procedure even though it participated in the administrative hearing (*see, Matter of McManus v Board of Educ.,* 87 NY2d 183, 189 [estoppel cannot be based upon "a state of facts known to all parties throughout the transaction"]). However, in accordance with the order of the Court of Appeals, those branches of Abiele's cross motion which sought the dismissal of the fourth and fifth affirmative defenses are granted (*see, Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1, *supra*). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.