■ John Cahill, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents, v Michael P. Harter et al., Appellants. [716 NYS2d 447] —Spain, J. Appeals (1) from an order of the Supreme Court (Dowd, J.), entered November 12, 1999 in Otsego County, which, *inter alia*, granted plaintiffs' motion for summary judgment, and (2) from an order of said court, entered March 2, 2000 in Otsego County, which granted plaintiffs' motion for additional civil penalties against defendants.

Defendant Harvey Sand and Gravel, Inc. and its president, defendant Michael P. Harter, operate a mining site in the Town of Oneonta, Otsego County. In October 1991, defendants and plaintiff Department of Environmental Conservation (hereinafter DEC) entered into a consent order which resolved issues concerning defendants' violations of ECL article 23. Thereafter, in late 1993, DEC commenced an administrative enforcement proceeding alleging that defendants had violated and continued to violate the 1991 consent order. Following a hearing, the Administrative Law Judge (hereinafter ALJ) found defendants in violation of the 1991 consent order by, *inter alia*, failing to reclaim designated areas and failing to secure a reclamation bond in the amount of $54,600. In January 1995, plaintiff Commissioner of Environmental Conservation adopted the ALJ's findings, ordered defendants to comply with the 1991 consent order and assessed civil penalties jointly and severally against defendants. Defendants never instituted a proceeding challenging the consent order or the Commissioner's administrative order.

Confronted by defendants' continuing violations of the orders, plaintiffs commenced this action to enforce the terms of the consent order and the 1995 administrative order and seeking additional civil penalties. Following joinder of issue, plaintiffs moved for, *inter alia*, summary judgment, as well as a permanent injunction enjoining defendants from engaging in any further mining activities. Supreme Court granted the motions and ordered defendants to provide a surety bond in the amount of $54,600 to ensure proper reclamation of the site. Following a hearing, Supreme Court also upheld a $75,000 civil penalty imposed by the Commissioner and imposed an additional civil penalty of $25,000 for continuing violations of the Commissioner's order. Defendants appeal.

We affirm. On appeal, defendants belatedly challenge the

consent order and the administrative order, contending, *inter alia*, that they are not proper parties to this action on the ground that ECL article 23 imposes liability only upon those holding a mining permit (*see*, ECL 23-2705 [11]; 23-2713). Specifically, they contend that they are merely the agents of the actual permittee, Strata Stone Products, Ltd., and not a principal in Strata. Inasmuch as this argument is raised for the first time on appeal it is unpreserved for this Court's review (*see*, *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 924, *lv denied* 93 NY2d 815; *General Elec. Tech. Servs. Co. v Clinton*, 173 AD2d 86, 89, *lv denied* 79 NY2d 759). Indeed, in opposing plaintiffs' motion for summary judgment, Harter argued to Supreme Court that he could not be held personally liable because he is merely the corporate officer of the permittee, Harvey Sand and Gravel, Inc., and throughout his affidavit in opposition referred to Harvey Sand and Gravel, Inc. as the permittee.

In any event, even if defendants' arguments—including that they are not the permittee of the mine at issue—had been raised before Supreme Court, they would not have warranted denial of plaintiffs' motion for summary judgment where defendants failed to properly challenge either the 1991 consent order or the 1995 administrative order by timely commencing a CPLR article 78 proceeding (*see*, *Egan v Niagara Mohawk Power Corp.*, 214 AD2d 850, 852, *lv denied* 86 NY2d 705; *see also*, *Matter of MCI Telecommunications Corp. v Public Serv. Commn.*, 231 AD2d 284, 289-290). Having failed to avail themselves of that procedure, defendants may not now collaterally attack the propriety of the orders in this enforcement proceeding (*see*, *Matter of Lewis Tree Serv. v Fire Dept.*, 66 NY2d 667, 669; *Matter of Public Serv. Commn. v Rochester Tel. Corp.*, 55 NY2d 320, 325). Moreover, inasmuch as defendants failed to raise any material issue of fact concerning their continuing violation of the orders which plaintiffs demonstrated by unrefuted evidentiary proof, Supreme Court properly granted summary judgment in favor of plaintiffs (*see*, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065).

Finally, although defendants filed a notice of appeal from the order of Supreme Court entered March 2, 2000 imposing civil penalties, none of their arguments specifically challenge that order and, accordingly, the appeal from that order is deemed abandoned (*see*, *Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.