■ In the Matter of BATH PETROLEUM STORAGE, INC., et al., Respondents, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Appellants. [747 NYS2d 835] —Appeal from a judgment (denominated order) of Supreme Court, Livingston County (Cornelius, J.), entered October 2, 2001, which granted the petition in part and, inter alia, annulled the November 6, 2000 administrative determination of Deputy Commissioner Carl Johnson.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by denying the petition in its entirety, reinstating the interim determination of Deputy Commissioner Carl Johnson dated November 6, 2000 and vacating the third, fourth and fifth decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Petitioners, Bath Petroleum Storage, Inc. and E.I.L. Petroleum, Inc. (collectively, BPSI), commenced this CPLR article 78 proceeding seeking to annul the determination upholding the denial of their application to renew a State Pollution Discharge Elimination System permit on the ground that the application was not complete. Supreme Court granted the petition in part by annulling the determination, vacating respondents' denial of BPSI's application, concluding that BPSI's application was sufficiently complete to proceed with the review process, and remitting the matter to respondents for an issues conference and an adjudicatory hearing.

The court erred in granting the petition in part. "[I]t is settled that in a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363; *see also Matter of Heintz v Brown*, 80 NY2d 998, 1001). "Moreover, where, as here, the judgment of the agency involves factual evaluations in the area of the agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference" (*Flacke*, 69 NY2d at 363). Here, the determination upholding the denial by respondents of the application as incomplete has a rational basis and is neither arbitrary nor capricious. Thus, we modify the judgment by denying the

petition in its entirety, reinstating the interim determination of Deputy Commissioner Carl Johnson dated November 6, 2000 and vacating the third, fourth and fifth decretal paragraphs. Present—Wisner, J.P., Hurlbutt, Scudder and Kehoe, JJ.