■ ADIRONDACK PARK AGENCY, Appellant-Respondent, v JOHN A. BUCCI et al., Respondents, Estate of WILLIAM P. BLACKMON, Deceased, Respondent-Appellant, and MARYLEE ARMOUR, Intervenor-Defendant-Respondent. [770 NYS2d 550]—

Appeal and cross appeal from an order of Supreme Court, Herkimer County (Kirk, J.), entered April 8, 2002, which dismissed without prejudice plaintiff's motion to dismiss various affirmative defenses and for partial summary judgment on the complaint and the cross motion of defendant estate of William P. Blackmon for summary judgment dismissing the complaint and cross claims against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in part, the affirmative defenses are

dismissed, the cross motion is denied, and the matter is remitted to Supreme Court, Herkimer County, for further proceedings in accordance with the following memorandum: These three related lawsuits arise out of the construction of a gravel driveway over approximately 600 feet of wetlands on property now owned by John A. Bucci and Linda L. Bucci. The driveway was constructed in 1986 and 1987 by William Martin at the request of William P. Blackmon, the then owner of the property. The Adirondack Park Agency (APA) commenced the first suit, an action against the Buccis, Martin and the estate of Blackmon, seeking to enforce a 1990 administrative determination that construction of the driveway without a permit violated sections 809 (2) (a) and 810 (1) (b) (1) (b) of the Adirondack Park Agency Act (Executive Law art 27), and the APA's regulations implementing the Freshwater Wetlands Act (ECL art 24) (APA action). Marylee Armour, a neighbor of the Buccis, commenced the second suit, a proceeding pursuant to CPLR article 78, seeking to compel the APA to process an after-the-fact permit application for her use of the Buccis' driveway based on her alleged legal interest therein (Armour proceeding). The Buccis commenced the third suit, another proceeding pursuant to CPLR article 78, seeking to compel the APA to process an after-the-fact permit application for their driveway (Bucci proceeding). Supreme Court granted the petitions in the Armour and Bucci proceedings, ordering the APA to process petitioners' after-the-fact permit applications. In the APA action, the court dismissed without prejudice the APA's motion seeking, inter alia, to dismiss various affirmative defenses raised by defendants and for partial summary judgment on the complaint, and further dismissed without prejudice the cross motion of the estate of Blackmon for summary judgment dismissing the complaint and cross claims against it. We reverse in all three cases.

We first address the legal interests of Armour. Because Armour was a stranger to the deed, and Blackmon could not create an easement benefitting land that he did not own, Armour gained no legal interest in the Buccis' driveway from the purported grant of an easement to Armour's predecessor in a 1983 deed from Blackmon to the Buccis conveying a portion of the property (*see Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.*, 301 AD2d 488, 489 [2003]; *see also Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Nature Conservancy v Congel*, 253 AD2d 248, 252 [1999]). Therefore, Armour's property rights were not implicated when the APA discovered the violation and took enforcement action against the Buccis, Martin, and the estate of Blackmon. Because Armour had no legal interest in the driveway, the court

erred in granting her petition and ordering the APA to process her after-the-fact permit application. The fact that Armour lacks any legal interest in the driveway provided a rational basis for the APA to refuse to process her permit application (*see generally Matter of Bath Petroleum Stor. v New York State Dept. of Envtl. Conservation*, 298 AD2d 883 [2002], *lv denied* 99 NY2d 507 [2003]). Therefore, we reverse the judgment in the Armour proceeding and dismiss Armour's petition.

The court also erred in granting the Buccis' petition and ordering the APA to process the Buccis' after-the-fact permit application. The APA had a rational basis for refusing to process that permit application based on former 9 NYCRR 581.4, which provided that an application involving an unresolved violation would not be processed until the alleged violation was resolved (*see generally id.* at 883). We defer to the APA's interpretation of that regulation in the context of the Bucci proceeding because it is neither irrational, unreasonable, nor inconsistent with the governing statute (*see Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 597 [1982]). Although the APA had occasionally processed after-the-fact permit applications even when former 9 NYCRR 581.4 was in force, the record establishes that it did so only where the impact on the wetland at issue was minimal. Here, the APA determined that the driveway's impact on the wetland is not minimal. Because that determination is not irrational or arbitrary and capricious, we see no basis to disturb it (*see generally Bath Petroleum Stor.*, 298 AD2d at 883). Therefore, we reverse the judgment in the Bucci proceeding and dismiss the petition.

The court also erred in denying the APA's motion insofar as it sought partial summary judgment and dismissal of affirmative defenses in the APA action. The APA established that it was entitled to judgment as a matter of law based on its administrative determination in 1990 that the driveway violated the laws and regulations at issue. Following that administrative determination, the Buccis and Martin filed an administrative appeal, but the determination was affirmed. The determination was never thereafter challenged by way of a proceeding pursuant to CPLR article 78. The statute of limitations for such a challenge has long since expired (*see* CPLR 217 [1]) and the Buccis may not now collaterally attack the determination in this enforcement action (*see Cahill v Harter*, 277 AD2d 655, 656 [2000]; *see also Matter of Lewis Tree Serv. v Fire Dept. of City of N.Y.*, 66 NY2d 667, 669 [1985]). The Buccis opposed the APA's motion on the ground that the APA should be equitably estopped from enforcing its determination because a manifest injustice

would result if the driveway were ordered to be removed. We note, however, that equitable estoppel should be applied against a governmental agency only to protect a right legally and rightfully obtained, not to create a right or to relieve a party from a duty imposed by statute (*see Waste Recovery Enters. v Town of Unadilla*, 294 AD2d 766, 768 [2002], *lv dismissed* 100 NY2d 614 [2003]; *Matter of Scheurer v New York City Empl. Retirement Sys.*, 223 AD2d 379 [1996]). Here, the Buccis do not invoke equity to protect a right legally and rightfully obtained. Moreover, because they helped lay the groundwork for the alleged injustice, we conclude that they are not entitled to the benefit of equity.

Finally, the court erred in the APA action in dismissing the cross motion of the estate of Blackmon without prejudice. The estate moved for summary judgment on the ground that Blackmon did not own the land in 1990, when the APA discovered the violation, and thus had no authority to remove the driveway. Because the record establishes that Blackmon had the driveway constructed when he still owned the land in 1986 and 1987, and because Executive Law § 813 (1) holds responsible and imposes civil penalties on "[a]ny person who violates any provision" of the Adirondack Park Agency Act or any rule or regulation promulgated by the agency, it is irrelevant that Blackmon did not own the land when the violation was discovered in 1990. Thus, the court should have denied the cross motion because there is a question of fact concerning the damages attributable to the estate of Blackmon. Therefore, we reverse the order in the APA action, grant the motion of the APA in part, dismiss the affirmative defenses, deny the cross motion of the estate of Blackmon, and remit the matter to Supreme Court, Herkimer County, to grant an order directing defendants to remove the fill placed in the wetland on the Bucci property and to determine whether to assess a civil penalty and, if so, the amount thereof. Present—Pine, J.P., Wisner, Hurlbutt, Gorski and Lawton, JJ.