■ ROGER STEEN et al., Appellants, v QUAKER STATE CORPORATION et al., Respondents. [785 NYS2d 551]—

Carpinello, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered March 27, 2003 in Tioga County, which granted defendants' motions to dismiss the complaint.

Plaintiffs seek money damages in this action as a result of

defendants' alleged unlawful extraction of natural gas from their Tioga County properties, which are located within a natural gas field known as Stagecoach Field. Defendants' desire to drill for natural gas in this area was the subject of a Department of Environmental Conservation (hereinafter DEC) permit process in the early 1990s. Specifically, defendant Quaker State Corporation, among others, applied to DEC for permission to place wells and to commence drilling within Stagecoach Field. DEC, in turn, initiated proceedings to establish spacing units (see ECL art 23), hearings took place and stipulations were executed resolving, among other issues, well spacing. A final DEC order was issued in September 1993 addressing the configuration of spacing units and geographic field boundaries.

The allegations against defendants in this action center on plaintiffs' contention that the DEC order does not accurately reflect the boundaries of the wells in Stagecoach Field because defendants intentionally withheld pertinent information on this issue from both DEC and the public, thereby depriving landowners, including themselves, from just compensation for natural gas extracted from their properties. Any challenge to the DEC order as not accurately reflecting the boundaries of the wells in Stagecoach Field should have been asserted in a timely CPLR article 78 proceeding (see CPLR 217 [1]; 7804), and plaintiffs' attempt to so challenge the order at this time in this forum constitutes an impermissible collateral attack (see e.g. Matter of Lewis Tree Serv. v Fire Dept. of City of N.Y., 66 NY2d 667, 669 [1985]; Adirondack Park Agency v Bucci, 2 AD3d 1293, 1295 [2003], lv dismissed and denied 3 NY3d 634 [2004]; Cahill v Harter, 277 AD2d 655 [2000]; City of New York v East N.Y. Wrecking Corp., 161 AD2d 489 [1990]). This action was also properly dismissed for failure to exhaust administrative remedies (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]). Plaintiffs are attempting to modify the DEC order by expanding the spacing units to include their lands; thus, their remedy was to apply for a modification of the order pursuant to the terms of the order itself and ECL 23-0501 (6) and (7). Having failed to avail themselves of this avenue of relief at the time they commenced this action, it was properly dismissed by Supreme Court.*

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.

---

* The parties advise this Court that plaintiffs have since sought a modification or vacatur of the September 1993 DEC order, albeit unsuccessfully. The propriety of the Commissioner of Environmental Conservation's determination denying that relief is not before us.