In the Matter of BARBARA SMITH et al., Appellants-Respondents, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents-Appellants. [811 NYS2d 545]—

Appeal and cross appeals from a judgment (denominated order and judgment) of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered March 11, 2005 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted in part respondents' motion to dismiss the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety, dismissing the petition and vacating the second and third decretal paragraphs and as modified the judgment is affirmed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Division of Housing and Community Renewal (DHCR) that the reserve funds of Marine Drive Apartments, Inc. (MDAI) may not be used to meet MDAI's severance obligations to petitioners and to compel DHCR to authorize the release of those reserve funds so that petitioners may receive the severance payments. Respondent Buffalo Municipal Housing Author-

ity was permitted to intervene and, following discovery, respondents moved to dismiss the petition. Supreme Court granted that motion in part, determining that DHCR "had a rational basis to make the decision [that] this severance package was excessive." The court further determined, however, that it was "not rational, based on the record before the Court, to say [petitioners are] not entitled to any severance package at all." The court ordered the parties to renegotiate the severance package and to report back to the court within 60 days with a new proposal. We agree with respondents that the court should have granted their motion in its entirety.

It is well settled that, "in a proceeding seeking judicial review of administrative action, the court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]; *see Matter of Bath Petroleum Stor. v New York State Dept. of Envtl. Conservation*, 298 AD2d 883 [2002], *lv denied* 99 NY2d 507 [2003]; *see generally Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231-232 [1974]). "[O]nce it has been determined that an agency's conclusion has a 'sound basis in reason' . . . , the judicial function is at an end" (*Paramount Communications v Gibraltar Cas. Co.*, 90 NY2d 507, 514 [1997], *rearg denied* 90 NY2d 1008 [1997], quoting *Pell*, 34 NY2d at 231; *see Matter of Stacor Corp. v Eagan*, 122 AD2d 480, 482 [1986]). Although we agree with the court that there was a rational basis for DHCR's determination that the severance package was excessive, we conclude that the court lacked the authority to order the parties to renegotiate. We therefore modify the judgment accordingly.

We have reviewed petitioners' remaining contentions and conclude they are lacking in merit. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.