■ NEW YORK CITY CAMPAIGN FINANCE BOARD, Respondent, v ROBBY MAHADEO et al., Defendants, and RAY L. TROTMAN, Appellant. [930 NYS2d 584]—

In this action to recover civil penalties from defendants (*see* Campaign Finance Act of 1965, codified at Administrative Code of City of NY § 3-701 *et seq.*), defendant Trotman's argument, that the Board lacked jurisdiction to impose statutory penalties on the defendants because the defendants never received any public matching funds from the Board and because the Board determined, before penalties were imposed, that defendants were not qualified to receive public matching funds, is unpreserved as it is raised for the first time on appeal. Were we to reach this argument, we would find it unavailing. Trotman's argument constitutes a collateral attack on the Board determination that imposed the challenged penalties. That determination may not be reached, as the time for bringing a CPLR article 78 proceeding to challenge it expired more than a year prior to defendants' assertion of a counterclaim to the Board's instant action to recover the penalties imposed, and defendants' order to show cause seeking declaratory relief (*see generally* CPLR 217 [1]; *Matter of Lewis Tree Serv. v Fire Dept. of City of N.Y.*, 66 NY2d 667 [1985]). Even assuming, arguendo, Trotman's appellate argument was not precluded, and was properly preserved for appellate consideration, it is unavailing. Trotman, as the principal treasurer for defendant-candidate, was subject to joint and several liability under the public matching fund program, and he was obligated to ensure the campaign's compliance with all public matching fund requirements, as set forth in Adminis-

trative Code § 3-701 *et seq.*, even if the campaign ultimately failed to qualify for, or accept, public funds under the program (*see* Administrative Code § 3-703 [11]; § 3-711; *Matter of Espada 2001 v New York City Campaign Fin. Bd.*, 59 AD3d 57, 63 [2008]).

To the extent Trotman argues that the Board's determination was "arbitrary and capricious" as it was made without a hearing, and without regard to the facts, such argument again constitutes an impermissible collateral attack upon the Board's determination. In any event, the record reflects that the defendants failed to request a hearing and, further, that the Board properly based its determination regarding penalties upon defendants' disclosures and the applicable statutory scheme (*see* Administrative Code § 3-701 *et seq.*).

We have considered Trotman's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ. **[Prior Case History: 2010 NY Slip Op 33155(U).]**