*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    515342
                                                          515341
_____

In the Matter of FREDERICK J.
    NERONI et al.,
                        Appellants,

        v

PETE GRANIS, as Commissioner
    of Environmental
    Conservation,
                        Respondent.

(Proceeding No. 1.)
_____          MEMORANDUM AND ORDER

JOSEPH MARTENS, as Commissioner
    of Environmental
    Conservation, et al.,
                        Respondents,

        v

FREDERICK J. NERONI et al.,
                        Appellants.

(Action No. 1.)
_____


Calendar Date:   September 5, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

                        _____


        Tatiana Neroni, Delhi, appellant pro se, and for Frederick
J. Neroni, appellant.

        Eric T. Schneiderman, Attorney General, Albany (Andrews B.
Ayers of counsel), for respondents.

                        _____

Clark, J.

Appeals (1) from a judgment of the Supreme Court (Becker, J.), entered November 22, 2011 in Delaware County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, denied petitioners' motion to vacate a prior order of the court, and (2) from a judgment of said court, entered November 29, 2011 in Delaware County, which, in action No. 1, among other things, granted plaintiffs' motion for summary judgment and imposed a civil penalty.

In 2006, staff employed by the Department of Environmental Conservation (hereinafter DEC) commenced an administrative proceeding charging, as relevant here, that Frederick J. Neroni had dammed a protected stream and created an artificial pond without a permit, and created turbidity in the waters of the stream, thereby violating ECL 15-0501 and 17-0501 and 6 NYCRR 608.2 and 703.2. An Administrative Law Judge (hereinafter ALJ) granted DEC's motion for an order without a hearing on the issue of liability on those charges, and directed further submissions on the issue of remediation. At a hearing on remediation, Neroni revealed that he had transferred his property to himself and his wife, Tatiana Neroni, after the charges had been filed, but prior to the ALJ's issuance of a decision on liability. The Neronis separately moved to vacate the decision on liability on the grounds that DEC lacked jurisdiction and had failed to join Tatiana Neroni as a necessary party. The ALJ subsequently denied the motions to vacate and issued a hearing report recommending that the Commissioner of Environmental Conservation impose a $10,000 civil penalty on Frederick Neroni and compel remediation of the stream. The Commissioner adopted the ALJ's findings of fact and conclusions of law, as well as the recommendations with regard to penalties and remediation.

The Neronis then commenced a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment (hereinafter the proceeding) challenging the Commissioner's determination. Supreme Court (Peckham, J.) granted the Commissioner's motion to transfer the proceeding to this Court and denied the Neronis' cross motion to sever their declaratory

judgment causes of action from those requesting relief under CPLR article 78. Although the Neronis filed a notice of appeal from the transfer order, they failed to perfect their appeal, and this Court granted the Commissioner's motion to dismiss the proceeding for failure to prosecute (2010 NY Slip Op 82562[U] [2010]). The Neronis instead moved to vacate the order of transfer, and Supreme Court (Becker, J.) denied that motion. The Neronis now appeal from the judgment denying their motion to vacate.

In April 2011, the Commissioner and DEC commenced an action against the Neronis to compel compliance with the underlying administrative determination. Following joinder of issue, the parties cross-moved for, among other things, summary judgment. Supreme Court concluded that this Court's dismissal of the initial appeal in the proceeding "serve[d] as an adjudication of all the issues raised or [that] could have been raised in the proceeding," granted summary judgment to DEC and the Commissioner, and dismissed the Neronis' counterclaims. The court affirmed the $10,000 civil penalty imposed by DEC and awarded an additional $20,700 in civil penalties. The Neronis also appeal from the judgment entered upon this order.[1]

We reject the Neronis' argument that this Court's dismissal of their initial appeal in the proceeding for failure to prosecute is irrelevant to any issue on the current appeal in the action. The Neronis argued, in response to the motion to dismiss for failure to prosecute, that the proceeding was improperly transferred and, thus, this Court lacked subject matter jurisdiction, rendering any dismissal invalid. "[T]he order of transfer" itself, however, gave "this [C]ourt jurisdiction over the [combined CPLR] article 78 proceeding, requiring us to assess the propriety of the transfer" (Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp., 131 AD2d 171, 173-174 [1987]). That is,

_____

[1] Although the Neronis' notice of appeal misstates the date of entry of Supreme Court's judgment, we exercise our discretion and treat the notice of appeal as valid (see CPLR 5520 [c]; Matter of Jonathan EE. [Barreiro—Alan EE.], 86 AD3d 696, 697 n 4 [2011], lv denied 18 NY3d 806 [2012]).

an improper transfer does not deprive this Court of subject
matter jurisdiction (see Matter of Cornelius v City of Oneonta,
71 AD3d 1282, 1284 [2010]; Matter of Penny Lane/E. Hampton v
County of Suffolk, 191 AD2d 19, 22 [1993]), and the Neronis were
not free to simply abandon their prior appeal without
consequence.[2]

        Moreover, there is no merit to the Neronis' contention that
the dismissal of the proceeding has no preclusive effect.  "[T]he
dismissal of [a] prior proceeding for lack of prosecution . . .
act[s] as an adjudication on the merits of all issues that 'could
have been litigated had the [proceeding] been timely argued or
submitted'" (Matter of Under the Elms v Tolbert, 1 AD3d 373, 374
[2003], quoting Matter of Stimpson Co. v Jorling, 161 AD2d 593,
594 [1990]; see Rubeo v National Grange Mut. Ins. Co., 93 NY2d
750, 756 [1999]).  Therefore, to the extent that the Neronis now
— in the context of the action to enforce the underlying
administrative determination — seek to challenge the merits of
that determination, their assertions amount to "an impermissible
collateral attack" on the determination, which became final when
this Court dismissed the proceeding (Steen v Quaker State Corp.,

---

        [2] As noted above, after the Neronis failed to perfect their
appeal from the order transferring the proceeding to this Court,
they appealed from the denial of the their motion to vacate the
order of transfer.  Although we have the discretionary authority
to entertain a second appeal on the same issue after a prior
appeal has been dismissed for failure to prosecute (see Faricelli
v TSS Seedman's, 94 NY2d 772, 774 [1999]; Rubeo v National Grange
Mut. Ins. Co., 93 NY2d 750, 756 [1999]; Aridas v Caserta, 41 NY2d
1059, 1061 [1977]), we decline to do so under the circumstances
of this case.  Further, the Neronis have now abandoned any
challenges that they may have had to the denial of their motion
to vacate by failing to raise any arguments regarding the denial
in their brief (see Matter of Birchwood Neighborhood Assn. v
Planning Bd. of the Town of Colonie, 112 AD3d 1184, 1185 n 2
[2013]; Matter of Smith v O'Donnell, 107 AD3d 1311, 1312 n
[2013]).  Hence, only the issues raised in connection with the
action are before this Court.

12 AD3d 989, 990 [2004]; see Matter of Public Serv. Commn. of State of N.Y. v Rochester Tel. Corp., 55 NY2d 320, 325 [1982]; Flacke v Salem Hills Sewage Disposal Corp., 91 AD2d 739, 740 [1982]).

While the Neronis may collaterally challenge the determination on subject matter jurisdiction or constitutional grounds (see Matter of Public Serv. Commn. of State of N.Y. v Rochester Tel. Corp., 55 NY2d at 325-326; Egan v Niagara Mohawk Power Corp., 214 AD2d 850, 853 [1995], lv denied 86 NY2d 705 [1995]), the arguments that they characterize as jurisdictional — such as their assertions that DEC's remediation plan exceeds the scope of its authority, that the ALJ erred in failing to add Tatiana Neroni as a necessary party, that DEC staff altered a map that was used as evidence, or their many other allegations of misconduct — relate either to alleged procedural defects in the administrative process or are "directed at the specific acts of the administrative agenc[y] involved and, as such, these causes of action [were] properly reviewable in the context of [their] CPLR article 78 proceeding" (Matter of Aubin v State of New York, 282 AD2d 919, 922 [2001], lv denied 97 NY2d 606 [2001]).  In any event, given the process which they were afforded during these protracted proceedings, it cannot be said that the Neronis were denied due process, as they maintain (see Franbilt, Inc. v New York State Thruway Auth., 290 AD2d 705, 707 [2002]).  Finally, and contrary to the Neronis' contention that the action was time-barred, it was commenced less than two years after the Commissioner's determination was issued on June 10, 2009, well within the applicable limitations period of three years (see CPLR 214 [2]; Hartnett v New York City Tr. Auth., 86 NY2d 438, 443-444 [1995]).  Accordingly, the judgment in the action is affirmed.

The Neronis' remaining arguments, including their claims that their discovery requests in the action were improperly denied and that Supreme Court's rulings against them stemmed from bias, have been considered and found to be lacking in merit.

Stein, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgments are affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court