■ In the Matter of MOUNT LORETTO NURSING HOME, Respondent, v MARK CHASSIN, as Commissioner of the New York State Department of Health, et al., Appellants. [652 NYS2d 138] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Best, J.), entered September 7, 1995 in Montgomery County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Department of Health denying petitioner's request to promulgate and certify a revised Medicaid reimbursement rate for petitioner's new nursing home facility.

Petitioner is a licensed residential health care facility located in the Town of Amsterdam, Montgomery County. After initially planning to renovate and expand its original building—which had been constructed in 1929 as a tuberculosis sanitarium and converted, in the interim, to an 82-bed skilled nursing facility—petitioner decided instead to follow the suggestion of Department of Health officials and build an entirely new and larger facility on the same campus. Petitioner's operations were moved to the new structure in August 1992, and patients were thereafter admitted to fill its 38 additional beds, bringing the total capacity to 120 beds. The old building was subsequently razed.

In April 1993, petitioner sought an extension of time to file the "six-month cost report" that must be submitted by a new facility (*see*, 10 NYCRR 86-2.2 [e]; 86-2.15 [a] [1]) to establish the "base" reimbursement rates for Medicaid patient care (*see*

*generally*, 10 NYCRR part 86-2). Although this request was originally granted, petitioner was subsequently informed that it was not eligible for "rebasing" (i.e., recalculation of the base rate) because, having simply moved and expanded its operations, it could not be considered a "new facility without adequate cost experience", but rather was an "ongoing facility" which did not meet the qualifications for rebasing set forth at 10 NYCRR 86-2.10 (k). Following denial of its administrative appeal from this determination, petitioner commenced the instant CPLR article 78 proceeding seeking its annulment. Supreme Court granted the petition, finding the challenged determination to have been arbitrary, capricious, and contrary to the plain language of the governing regulations, and respondents appeal.

We affirm. Though fully aware that deference must be accorded respondents' interpretation of their own regulations (*see, e.g., Matter of Sylcox Nursing Home & Health Related Facility v Axelrod*, 184 AD2d 986, 988, *lv denied* 80 NY2d 761), and of the principle that an administrative determination must be upheld if it has a rational basis in the record (*see, Matter of County of Monroe v Kaladjian*, 83 NY2d 185, 189), we nevertheless hold the view that respondents have failed to present a vindicable reason for their denial of petitioner's request for rebasing, particularly in view of record evidence demonstrating that they have afforded the same relief to other, similarly situated facilities in the past (*cf., Matter of Richardson v Commissioner of N. Y. City Dept. of Social Servs.*, 88 NY2d 35, 39-40). Consequently, their contention that the regulations do not authorize rebasing, except under narrowly defined conditions not prevailing here, is untenable. Significantly, they do not assert that those other facilities, each of which was permitted to rebase after moving into a new, larger structure with additional bed capacity, met the qualifications they would impose upon petitioner, namely, that it have had a receiver appointed or have been taken over by a new, unrelated operator. Nor are we persuaded that the other factual circumstances existing in those cases differ, in any material way, from those present here.

Moreover, respondents' claim that petitioner is not operating a "new facility", or that the costs it incurred while utilizing the old building constitute an "adequate" basis for determining the necessary costs of operating efficiently and economically (*see*, Public Health Law § 2807 [3]; *Matter of Saint Mary's Hosp. v Commissioner of N. Y. State Dept. of Health*, 206 AD2d 486, 488) in its new quarters, are implausible.

Petitioner has compellingly demonstrated that the new facility is entirely different from the old—the only similarities apparently being the owner, the location, and some of the staff and residents—and that those differences have substantially altered many, if not all, aspects of its operational budget, including, *inter alia*, its utility costs, maintenance expenses, wage rates and benefit programs. These circumstances dictate the conclusion that, as of August 1992, petitioner began operating a "new facility without adequate cost experience". The denial of its request for rebasing, on the ground that the relevant regulations do not permit such relief, was accordingly arbitrary, capricious and contrary to the plain language of those regulations (*see, Matter of Schervier Home & Hosp. v Axelrod*, 178 AD2d 791, 792-793; *Matter of Broome County v New York State Bd. of Equalization & Assessment*, 145 AD2d 153, 157-158; *cf., Matter of SIN, Inc. v Department of Fin. of City of N. Y.*, 71 NY2d 616, 620).

Mercure, J. P., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.