OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and defendants’ motions to dismiss the complaint denied.
 

 Plaintiffs commenced this products liability action against three keyboard manufacturers to recover for repetitive stress injuries (RSI). According to the complaint, plaintiff, Jacqueline Edmond, a claims representative with the Social Security Administration, used a keyboard manufactured by defendant
 
 *951
 
 International Business Machines (IBM) between April 1990 and March 1994. She began to experience RSI symptoms in September 1992 and was diagnosed with bilateral carpal tunnel syndrome in 1993. From March 1994 until plaintiff and her husband filed suit in May 1995, Edmond used keyboards made by defendants Mitsubishi Electronics America, Inc. (Mitsubishi) and NMB Technologies, Inc. (NMB). The complaint alleges that plaintiff experienced new injuries and symptoms after 1992 and further alleges that plaintiff’s injury was a “cumulative and prolonged process by which plaintiff sustained injury, aggravated existing injury, sustained new injury, and continues to do so.”
 

 NMB answered the complaint and Mitsubishi, in lieu of an answer, moved to dismiss the complaint for failure to state a cause of action
 
 (see,
 
 CPLR 3211 [a] [7]), arguing the lack of a causal connection. NMB then cross-moved to dismiss the complaint on the same grounds or, in the alternative, for summary judgment, but submitted only attorneys’ affirmations and pleadings in support thereof. Supreme Court granted defendants’ motions on the ground that Edmond did not begin to use the moving defendants’ keyboards until a year and a half after she first experienced RSI symptoms, and 13 months after she was first diagnosed. Plaintiffs appealed. The Appellate Division affirmed Supreme Court’s dismissal of the complaint based on the failure to state a cause of action.
 

 Plaintiffs correctly contend that the courts below erred in dismissing the complaint. While the complaint alleges that Edmond first experienced RSI symptoms in 1992, prior to the use of Mitsubishi’s and NMB’s keyboards, it also alleges that she aggravated her preexisting injury and sustained new injury as a result of the use of those defendants’ products. Accepting these allegations as true and according plaintiffs the benefit of every favorable inference as we must in a motion to dismiss for failure to state a cause of action
 
 (see, Leon v Martinez,
 
 84 NY2d 83, 87-88;
 
 Arrington v New York Times Co.,
 
 55 NY2d 433, 442), plaintiffs’ complaint sufficiently states a cause of action
 
 (see, Matter of Tobin v Steisel,
 
 64 NY2d 254, 259;
 
 Hill v St. Clare’s Hosp.,
 
 67 NY2d 72, 82-83).
 

 Defendant Mitsubishi’s argument, that plaintiffs allege no symptoms, diagnoses or treatment after the use of its keyboard, relates to the issue of proof and is premature given the procedural posture of this case. NMB’s claim that plaintiffs failed to come forth with proof to establish that its keyboard aggravated Edmond’s injury is similarly unavailing since
 
 *952
 
 NMB’s motion was supported only by the pleadings and attorney’s affirmation and was treated by the court as a motion to dismiss.
 

 Chief Judge Kaye and Judges Titone, Smith, Levine, Ciparick and Wesley concur in memorandum; Judge Bellacosa taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.