◼ In the Matter of TOWN OF BROOKHAVEN, Respondent, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants. [723 NYS2d 410] —In a proceeding pursuant to CPLR article 78, *inter alia*, to compel the New York State Division of Human Rights to dismiss a sexual discrimination complaint filed by Linda Pew, the appeal is from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered January 14, 2000, which, in effect, granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

In 1994 Linda Pew filed a complaint with the New York State Division of Human Rights (hereinafter DHR) claiming that her employer, the Town of Brookhaven (hereinafter the Town), violated Executive Law § 296 (1) (a) by discriminating against her because of her sex. About four years later, when DHR determined that there was probable cause to believe that the Town engaged in the alleged discriminatory practices, the Town asked DHR to reconsider the determination and dismiss the complaint on the ground that Pew failed to comply with the notice of claim requirements set forth in Town Law § 67. When DHR denied the Town's request, the Town commenced this proceeding, in effect, to compel DHR to dismiss Pew's complaint. The Supreme Court, Suffolk County, granted the Town's petition.

We agree with the Supreme Court that compliance with the notice of claim requirements set forth in Town Law § 67 and General Municipal Law § 50-e is a condition precedent to the pursuit of an employment discrimination claim against a town,

regardless of whether the claimant files a complaint with DHR pursuant to Executive Law § 297 (1) or commences an action in a court of competent jurisdiction pursuant to Executive Law § 297 (9) (*see, Mills v County of Monroe,* 59 NY2d 307, cert denied 464 US 1018; *Board of Educ. v New York State Div. of Human Rights,* 44 NY2d 902; *Scopelliti v Town of New Castle,* 210 AD2d 308).

However, we find that Pew substantially complied with the statutory notice requirements and the Town failed to timely object to any defect in the manner of service (*see,* General Municipal Law § 50-e [3] [c]; *Matter of Saranac Lake Cent. School Dist. v New York State Div. of Human Rights,* 226 AD2d 794; *Matter of Deposit Cent. School Dist. v Public Empl. Relations Bd.,* 214 AD2d 288). Accordingly, DHR may proceed to determine the merits of Pew's sexual discrimination complaint. O'Brien, J. P., S. Miller, Friedmann and Townes, JJ., concur.