■ MICHAEL SANGERMANO, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY, Respondent. [736 NYS2d 258] —In an action to recover damages for employment discrimination in violation of Executive Law § 296, and violations of due process pursuant to 42 USC § 1983 *et seq.*, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated February 26, 2001, which granted the defendant's motion to dismiss the complaint for failure to timely file a timely notice of claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the second cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court correctly granted that branch of the defendant's motion which was to dismiss his first cause of action due to his failure to file a timely notice of claim as required by Education Law § 3813 (1). The plaintiff's first cause of action alleged that his employment was constructively terminated as a result of racial discrimination in violation of Executive Law § 296. Where a plaintiff seeks private relief, damages, or reinstatement for employment discrimination in violation of the Executive Law, the filing of a timely notice of claim is a condition precedent to suit (*see, Mills v County of Monroe*, 59 NY2d 307, *cert denied* 464 US 1018; *Matter of Town of Brookhaven v New York State Div. of Human Rights*, 282 AD2d 685; *Hibbert v Suffolk County Dept. of Probation*, 267 AD2d 205; *Bidnick v Johnson*, 253 AD2d 779; *Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820; *Scopelliti v Town of New Castle*, 210 AD2d 308; *Hoger v Thomann*, 189 AD2d 1048). The case of *Lane-Weber v Plainedge Union Free School Dist.* (213 AD2d

515) is not to the contrary, as it involved the notice of claim requirement under Education Law § 3813 (2).

The Supreme Court erred, however, in granting that branch of the defendant's motion which was to dismiss the second cause of action. In his second cause of action, the plaintiff alleged that he was forced to resign from his employment without having been afforded the "procedural safeguards and a right to be heard prior to termination" as guaranteed by 42 USC § 1983 *et seq*. The Supreme Court's sole rationale for dismissing this cause of action was the plaintiff's failure to timely file a notice of claim. However, notice of claim requirements are inapplicable to claims pursuant to 42 USC § 1983 (*see, Welch v State of New York,* 286 AD2d 496, 498; *Zwecker v Clinch,* 279 AD2d 572, 574; *Lopez v Shaughnessy,* 260 AD2d 551, 552-553; *Gorman v Sachem Cent. School Dist.,* 232 AD2d 452).

In the alternative, the defendant contends that the plaintiff's complaint failed to state a cause of action pursuant to 42 USC § 1983. However, assuming the truth of the plaintiff's allegations, and giving them the benefit of every favorable inference as we are required to do on a motion pursuant to CPLR 3211 (a) (7) (*see, Edmond v International Bus. Mach. Corp.,* 91 NY2d 949, 951; *Negrin v Norwest Mtge.,* 263 AD2d 39, 51), we conclude that the second cause of action is sufficient to withstand dismissal (*see, Vitale v Rosina Food Prods.,* 283 AD2d 141; *1414 Realty Corp. v G&G Realty Co.,* 272 AD2d 309). Santucci, J.P., Smith, Crane and Cozier, JJ., concur.