■ CARLENE CAVANAUGH, Respondent, v BOARD OF EDUCATION OF HUNTINGTON UNION FREE SCHOOL DISTRICT, Appellant. [745 NYS2d 433] —In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), entered July 24, 2001, as denied those branches of its motion which were for summary judgment dismissing the second and third causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the second and third causes of action are granted, and the complaint is dismissed in its entirety.

The Supreme Court erred in denying those branches of the defendant's motion which were for summary judgment dismissing the second and third causes of action on the ground that the plaintiff failed to timely file a notice of claim. The second and third causes of action alleged that the plaintiff was forced to resign as a result of the defendant's refusal to reasonably accommodate her disability and age discrimination in violation of Executive Law § 296, respectively. Where, as here, a plaintiff seeks private relief for employment discrimination in violation of the Executive Law, the timely filing of a notice of claim is a condition precedent to suit (*see* Education Law § 3813 [1]; *Mills v County of Monroe,* 59 NY2d 307, *cert denied* 464 US 1018; *Sangermano v Board of Coop. Educ. Servs. of Nassau County,* 290 AD2d 498).

In light of this determination, it is unnecessary to address

the defendant's remaining contentions. Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.