■ In the Matter of RESURRECTION NURSING HOME, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [749 NYS2d 579] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 17, 2001 in Rensselaer County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition as time-barred.

In 1994, petitioner requested permission from respondent Department of Health (hereinafter the Department) to construct a 120-bed nursing home facility to replace its 48-bed facility in the Village of Castleton-on-Hudson, Rensselaer County. The Department denied petitioner's request on the grounds of financial feasibility and need, but recommended that petitioner submit revised plans for an 80-bed facility. Petitioner did submit revised plans for an 80-bed facility that included revenue estimates premised on the assumption that the operating component of its Medicaid reimbursement rate would not be rebased. By letter dated October 26, 1994, the Department approved petitioner's application "with the understanding that there will be no rebasing of operating expenses" and requiring compliance with other various specific conditions.

Petitioner completed construction of its 80-bed facility in September 1996 and, thereafter, submitted a letter requesting permission to file a 12-month cost report in order to rebase its rates (see 10 NYCRR 86-2.2 [e]). By letter dated November 7, 1997, the Department denied petitioner's request because the construction project had been approved, in part, upon the understanding that petitioner's operation would not be rebased. On March 6, 1998, petitioner commenced a declaratory judgment action that was converted by Supreme Court into the current CPLR article 78 proceeding. Supreme Court held that the Department's letter of October 26, 1994 was a final determination regarding rebasing and, therefore, the proceeding

was barred by the applicable four-month statute of limitations. Supreme Court further found that petitioner had waived its right to seek rebasing. Petitioner appeals.

An administrative determination becomes final and binding, thus commencing the four-month statute of limitations, when a petitioner has been aggrieved by the determination (*see Matter of Yarbough v Franco*, 95 NY2d 342, 346; *Matter of Halpin v Perales*, 203 AD2d 675, 677). "[W]here the determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716; *see Matter of Ellis Hosp. v McBarnette*, 199 AD2d 598, 600). Here, the Department stated that its approval of the construction project included the understanding that there would be no rebasing. Petitioner's contention that the statement regarding rebasing in the Department's approval letter reflected only the Department's unilateral understanding is unpersuasive. The record reveals that the parties had contemplated and addressed the issue of rebasing. Moreover, at the time that petitioner's application was being considered, the Department and the operators of the subject nursing home were involved in litigation pertaining to another nursing home regarding the issue of whether a replacement facility should be permitted to rebase its costs (*see Matter of Mount Loretto Nursing Home v Chassin*, 235 AD2d 663). The parties were therefore certainly cognizant of the significance of the rebasing issue and, indeed, as the holding in *Matter of Mount Loretto Nursing Home* reflects, rebasing may be indicated in the absence of the Department's condition regarding such issue in its construction approval letter.

This Court has held, in the analogous situation where a petitioner challenged the Medicaid reimbursement rate because of a purportedly incorrect designation of a facility, that the statute of limitations commenced "on the date that [the Department] gave its construction approval on condition that the nursing home be designated a freestanding facility" (*Matter of City of Oneida v Chassin*, 229 AD2d 855, 856; *see Matter of Franklin Hosp. Med. Ctr. v New York State Dept. of Health*, 210 AD2d 676, 678). Consistency compels a similar conclusion in the current case. Unlike the situation in *Matter of Mount Loretto Nursing Home*, the construction approval here included the condition that there would be no rebasing. The Department's 1994 approval letter specifically addressing such issue commenced the running of the statute of limitations and, thus, petitioner's challenge in 1998 to the rebasing determination was untimely. Furthermore, even if petitioner had prevailed on

the statute of limitations issue, the record reflects that petitioner waived rebasing (*see Matter of City of Oneida v Chassin, supra* at 856).

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.