■ MICHAEL F. CAHILL, JR., Appellant, v NEW YORK STATE DIVISION OF STATE POLICE et al., Respondents. [756 NYS2d 912] —Carpinello, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered October 10, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time-barred.

Petitioner commenced this CPLR article 78 proceeding to challenge respondents' alleged failure to follow disciplinary procedures before involuntarily transferring him from the position of Zone Commander in one location to the position of

Administrative Captain in another location with respondent New York State Division of State Police. Supreme Court granted respondents' motion to dismiss the petition as barred by the four month statute of limitations for CPLR article 78 proceedings (*see* CPLR 217), prompting this appeal.

The statute of limitations period begins to run when "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; *see Matter of Healy v Sheldon*, 235 AD2d 992 [1997]). Petitioner argues that the determination became final and binding upon him on March 14, 2002 when he was actually transferred. It is well settled, however, that "where the determination is unambiguous and its effect certain, the statutory period commences as soon as the aggrieved party is notified" (*Matter of Edmead v McGuire*, 67 NY2d 714, 716 [1986]; *see Matter of Resurrection Nursing Home v New York State Dept. of Health*, 298 AD2d 752, 753 [2002]; *Matter of New York State Radiological Socy. v Wing*, 244 AD2d 823, 825 [1997], *lv denied* 92 NY2d 802 [1998]). Inasmuch as petitioner was informed of the involuntary transfer on February 21, 2002, and advised that the transfer was final and nonnegotiable, we agree with Supreme Court that the statute of limitations began to run as of that date. Accordingly, Supreme Court properly concluded that this proceeding, which was not commenced until July 12, 2002, was untimely.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.