■ In the Matter of DYNISE KONDRUCHUCK O'CONNOR, Appellant, v BOARD OF EDUCATION OF GREENBURGH-GRAHAM UNION FREE SCHOOL DISTRICT, Respondent. [782 NYS2d 663]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent dated June 12, 2002, which reassigned the petitioner to a different teaching position, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 3, 2003, which, upon renewal, in effect, vacated its prior order entered July 28, 2003, denying the

respondent's motion to dismiss the proceeding without prejudice to renew, granted the respondent's motion, and, upon renewal, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly dismissed this proceeding on the grounds that it was time-barred and for failure of the petitioner to file a notice of claim. The petitioner's claim accrued on or about June 12, 2002, when the determination reassigning her to a new teaching position became "final and binding" (CPLR 217 [1]; see *Cahill v New York State Div. of State Police*, 304 AD2d 971 [2003]; *Matter of Levine v Board of Educ. of City of N.Y.*, 272 AD2d 328 [2000]). Since this proceeding was commenced more than six months thereafter, it was untimely.

Furthermore, the Supreme Court correctly dismissed the proceeding on the ground that the petitioner did not file a notice of claim (see Education Law § 3813). Contrary to the petitioner's contention, her claim sought to vindicate a private right and thus, the filing of a notice of claim was a condition precedent to the commencement of this proceeding (see *Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498 [2002]; *Bidnick v Johnson*, 253 AD2d 779 [1998]; *Peek v Williamsville Bd. of Educ.*, 221 AD2d 919 [1995]).

The petitioner's remaining contentions are without merit. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.