Diedre Wynn, Appellant, v Gates-Chili Central School District et al., Respondents. [831 NYS2d 783]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered August 22, 2005. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff filed a certificate of dual residency with defendant Gates-Chili Central School District (School District) affirming that she and her children had moved into her father's residence located in the School District. Plaintiff then enrolled her children in the School District. After an investigation and a residency hearing, the School District determined that the children did not reside within the School District and advised plaintiff that her children could no longer attend school there. Thereafter, plaintiff commenced this action seeking damages for defendants' alleged violations of the ''state's race discrimination and mental abuse statute.'' Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint. The record establishes that plaintiff failed to file a notice of claim pursuant to Education Law § 3813 (1) and (2), and the filing of a notice of claim is a condition precedent to the commencement of this action (*see Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498 [2002], *lv dismissed* 99 NY2d 531 [2002]; *Doyle v Board of Educ. of Deer Park Union Free School Dist.*, 230 AD2d 820 [1996]; *see generally Mills v County of Monroe*, 59 NY2d 307 [1983], *cert denied* 464 US 1018 [1983]; *Matter of Town of Brookhaven v New York State Div. of Human Rights*, 282 AD2d 685 [2001]). In view of our determination, we do not address plaintiff's remaining contentions. Present—Martoche, J.P., Smith, Lunn, Fahey and Peradotto, JJ.