In an action, inter alia, to recover damages for employment discrimination on the basis of race and sex in violation of Executive Law § 296, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated October 5, 2007, as granted the defendant’s motion to dismiss the complaint, inter alia, for failure to timely serve a notice of claim and denied that branch of her cross motion which was for leave to serve a late notice of claim.
Ordered that the order is affirmed insofar as appealed from, with costs.
*698 The plaintiff was a purchasing and accounts payable manager employed by the defendant Ossining Union Free School District (hereinafter the District). In April 2007 she commenced this action against the District under New York State’s Human Rights Law (Executive Law § 296) seeking, inter alia, to recover damages for employment discrimination on the basis of race and sex. The District filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7) and Education Law § 3813, on the grounds that the claims were barred by the statute of limitations (see Education Law § 3813 [2-b]) and that the plaintiff failed to timely serve a notice of claim (see Education Law § 3813 [1]). The plaintiff opposed the motion and cross-moved, inter alia, for leave to serve a late notice of claim. The Supreme Court granted the District’s motion to dismiss the complaint and, inter alia, denied that branch of the plaintiff’s cross motion which was for leave to serve a late notice of claim.
A claimant seeking to commence an action against a school district for violations of the Human Rights Law must serve a notice of claim on the district within three months after accrual of the claim (see Education Law § 3813; Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d 367, 370-371 [2007]; Cavanaugh v Board of Educ. of Huntington Union Free School Dist., 296 AD2d 369 [2002]; Sangermano v Board of Coop. Educ. Servs. of Nassau County, 290 AD2d 498 [2002]). Compliance with this requirement is a condition precedent to suit and must be pleaded in the complaint (see Education Law § 3813 [1]; Sangermano v Board of Coop. Educ. Servs. of Nassau County, 290 AD2d at 498; Putkowski v Warwick Val. Cent. School Dist., 363 F Supp 2d 649, 653-654 [SD NY 2005]).
If the one-year statute of limitations applicable to such actions (see Matter of Amorosi v South Colonie Ind. Cent. School Dist., 9 NY3d at 369) has not run, a claimant may seek permission to serve a late notice of claim (see Education Law § 3813 [2-a]). In determining whether, in its discretion, to grant such an application, the court must consider (1) whether the district had actual knowledge of the essential facts constituting the claim within the time required for service of a timely notice of claim or a reasonable time thereafter, (2) whether the claimant had a reasonable excuse for failing to serve a timely notice of claim, and (3) whether the school district would be substantially prejudiced in its defense on the merits if the application were to be granted (see Matter of Jackson v Board of Educ., Colton-Pierrepont Cent. School Dist, 194 AD2d 901, 903-904 [1993]; cf. Matter of Blair v Pleasantville Union Free School Dist., 52 AD3d 827 [2008]; Matter of Surdo v Levittown Pub. School Dist, 41 *699 AD3d 486, 487 [2007]; Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563, 564 [2006]). The statute requires that the court consider “in particular,” the first factor, and, accordingly, that factor is entitled to the greatest weight, but none is determinative (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]; Catterson v Suffolk County Dept. of Health Servs., 49 AD3d 792, 794 [2008]). Here, the plaintiff argues that the District had actual knowledge of the essential facts constituting her claim because she allegedly reported various incidents. In her cross motion and supporting documents, however, the plaintiff offered no details about the substance of her alleged reports that would permit a record-based conclusion that the District was thereby put on notice of the essential facts underlying her current claims under the Human Rights Law. Additionally, the plaintiff offered no excuse at all for failing to serve a timely notice of claim. Consequently, even if the District would not be prejudiced were the application to be granted, the Supreme Court did not improvidently exercise its discretion in denying the plaintiff leave to serve a late notice of claim.
In light of our determination, it is unnecessary to consider the District’s remaining contention. Spolzino, J.E, Florio, Miller and Leventhal, JJ., concur.