SECOND DEPARTMENT, JANUARY, 2013

(January 9, 2013)

■ JOSEPH AGOSTINELLO, Respondent, v GREAT NECK UNION FREE SCHOOL DISTRICT, Appellant. [958 NYS2d 166]—

In an action, inter alia, pursuant to Executive Law § 296 to recover damages for discrimination in the privileges, terms, and conditions of employment on the basis of physical disability, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 30, 2012, as denied that branch of its motion which was for summary judgment dismissing the cause of ac-

tion alleging its failure to reasonably accommodate the plaintiff's physical disability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action alleging a failure to reasonably accommodate the plaintiff's physical disability as is based on the defendant's conduct allegedly occurring after February 4, 2003, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant.

From 1993 to 2006, the plaintiff was employed on the custodial staff of the defendant, Great Neck Union Free School District (hereinafter the school district). The plaintiff served a notice of claim upon the school district, dated February 4, 2003, alleging, inter alia, that the school district discriminated against him by failing to reasonably accommodate his physical disability resulting from a back injury. Following a lengthy, injury-related absence from work, the plaintiff returned to his employment duties in 2005, before resigning his position in 2006 and accepting employment with another school district.

In July 2009, the plaintiff commenced this employment discrimination action, alleging the school district's distinct failures to accommodate his physical disability through 2006. Following discovery, the school district moved for summary judgment, contending, inter alia, that the cause of action alleging a failure to reasonably accommodate should be dismissed to the extent that it was premised on events occurring after February 4, 2003, since the notice of claim did not provide the school district with notice of those events. The Supreme Court denied that branch of the school district's motion.

As a condition precedent to the maintenance of this action, the plaintiff was required to serve a notice of claim upon the school district within three months after his underlying claim arose (see Education Law § 3813 [1]; *Munro v Ossining Union Free School Dist.*, 55 AD3d 697, 698 [2008]; *Cavanaugh v Board of Educ. of Huntington Union Free School Dist.*, 296 AD2d 369 [2002]). Since the plaintiff had served a notice of claim dated February 4, 2003, that notice of claim did not satisfy the statutory requirement of placing the school district on notice of those allegedly discriminatory acts which took place subsequent to the date of the notice (see *Varsity Tr., Inc. v Board of Educ. of City of N.Y.*, 5 NY3d 532 [2005]). Accordingly, the Supreme Court should have granted that branch of the school district's motion which was for summary judgment dismissing so much of the

cause of action alleging a failure to reasonably accommodate the plaintiff's physical disability as was based upon acts occurring after the date of the notice of claim.

The school district's remaining contentions either are without merit or need not be reached in view of the foregoing. Mastro, J.P., Angiolillo, Sgroi and Miller, JJ., concur.