*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                 517532
_____

In the Matter of ADIRONDACK
    MEDICAL CENTER-UIHLEIN
    et al.,
                    Appellants,

        v                               MEMORANDUM AND ORDER

RICHARD F. DAINES, as
    Commissioner of Health,
    et al.,
                    Respondents.
_____


Calendar Date:  May 27, 2014

Before:  Lahtinen, J.P., McCarthy, Garry, Lynch and Clark, JJ.

_____


        Bond, Schoeneck & King, PLLC, Albany (Raul A. Tabora Jr. of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for respondents.

_____


McCarthy, J.

        Appeal from a judgment of the Supreme Court (McNamara, J.),
entered November 16, 2012 in Albany County, which granted
respondents' motion to convert the action to a proceeding
pursuant to CPLR article 78 and dismiss the petition.

        Petitioners are the owners and operators of residential
health care facilities that are licensed by the Department of
Health (hereinafter DOH) pursuant to Public Health Law article
28.  Respondent Commissioner of Health oversees DOH, which is
responsible for determining Medicaid reimbursement rates for

medical services provided at petitioners' facilities, and respondent Director of the Budget is responsible for approving such rates (see Public Health Law § 2807 [3]).  In 2006, the Legislature amended Public Health Law § 2808 to change the base years for calculating reimbursement rates, and included an extended transition period (see L 2006, ch 109, § 1, part C, § 47; Public Health Law § 2808 [2-b]).  Petitioners commenced a declaratory judgment action seeking a declaration that the reimbursement rate calculations for the period of January 1, 2009 to March 31, 2009 incorrectly applied certain reduction provisions that had expired in 2006, and sought an order directing respondents to recompute their reimbursement rates for that time period.  Following joinder of issue, petitioners moved for summary judgment.  Respondents cross-moved to convert the action to a CPLR article 78 proceeding and for dismissal of the converted proceeding.  Supreme Court granted respondents' cross motion to convert the proceeding and dismissed the petition as untimely.  Petitioners appeal.

Supreme Court properly converted the declaratory judgment action to a proceeding pursuant to CPLR article 78.  "Where, as here, governmental activity is being challenged, the immediate inquiry is whether the challenge could have been advanced in a CPLR article 78 proceeding" (Spinney at Pond View, LLC v Town Bd. of the Town of Schodack, 99 AD3d 1088, 1089 [2012] [internal quotation marks and citation omitted]; accord Thrun v Cuomo, 112 Ad3d 1038, 1040 [2013], lv denied 22 NY3d 865 [2014]).  Petitioners are not challenging any legislation, but are instead challenging the determinations of an administrative agency applying such legislation, rendering this the type of challenge that should be brought under CPLR article 78 (see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194 [2007]; Matter of Grand Manor Nursing Home Health Related Facility, Inc. v Novello, 39 AD3d 1062, 1064 [2007], lv denied 9 NY3d 812 [2007]).  Accordingly, the court properly converted the action to a proceeding and determined that a four-month statute of limitations applies (see CPLR 103 [c], 217 [1]).

Supreme Court erred in dismissing the proceeding as untimely.  Respondents contend that the proceeding was untimely because it was commenced 11 months after DOH sent February 2009

letters to petitioners informing them of their interim 2009 reimbursement rates.  Petitioners contend that this January 2010 proceeding was timely commenced less than four months after they received DOH's September 2009 letters informing them of their final reimbursement rates for 2009.  The statute of limitations for a challenge to a governmental determination begins to run when "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]), which occurs when the petitioner has been aggrieved because the determination has an impact upon that party (see Matter of Edmead v McGuire, 67 NY2d 714, 716 [1986]; Matter of Resurrection Nursing Home v New York State Dept. of Health, 298 AD2d 752, 753 [2002], lv denied 100 NY2d 502 [2003]).  "[W]hen an administrative body itself creates ambiguity and uncertainty" concerning the finality of a determination, however, "affected [parties] should not have to risk dismissal for prematurity or untimeliness by necessarily guessing when a final and binding determination has or has not been made.  Under these circumstances, 'the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his [or her] day in court'" (Mundy v Nassau County Civ. Serv. Commn., 44 NY2d 352, 358 [1978], quoting Matter of Castaways Motel v Schuyler, 24 NY2d 120, 126-127 [1969], adhered to on rearg 25 NY2d 692 [1969]; see Matter of Edmead v McGuire, 67 NY2d at 716; Matter of Catskill Regional Off-Track Betting Corp. v New York State Racing & Wagering Bd., 56 AD3d 1027, 1029 [2008]; see also Matter of Board of Educ. of Kiryas Joel Vil. Union Free Sch. Dist. v State of New York, 110 AD3d 1231, 1232-1233 [2013], lv denied 22 NY3d 861 [2014]).

The February 2009 letters — which were sent to petitioners shortly after the Legislature amended Public Health Law § 2808 to extend the transition period for implementing the change in base years for reimbursement (see L 2009, ch 2, § 1, part I, §§ 2, 3) — state that "[t]his rate is an interim 2009 rate that will be used solely for 2009 billing purposes and until an actual 2009 rate can be published in accordance with applicable law" (emphasis added).  One reasonable inference to draw from the use of the word "actual" to describe the latter mentioned rate but not the former mentioned rate was that the interim rate was not an actual rate.  The word "pending" appeared at the top of each

page of the rate calculation sheets enclosed with those letters, which could reasonably be interpreted as suggesting that the 2009 rate was not yet settled. Because DOH created ambiguity and did not make clear in its February 2009 letters that the "interim" rates were final and binding on petitioners, we resolve the ambiguity against respondents (see Mundy v Nassau County Civ. Serv. Commn., 44 NY2d at 358). As the statute of limitations did not start to run until petitioners received the September 2009 letters that included their final 2009 reimbursement rates, this proceeding was timely commenced.

Nevertheless, DOH's interpretation of Public Health Law § 2808, and its determinations regarding the rate reimbursement methodology, were not unreasonable. "DOH is entitled to a high degree of judicial deference, especially when . . . act[ing] in the area of its particular expertise, and thus petitioners bear the heavy burden of showing that DOH's rate-setting methodology is unreasonable and unsupported by any evidence" (Matter of Grand Manor Nursing Home Health Related Facility, Inc. v Novello, 39 AD3d at 1064 [internal quotation marks and citations omitted]; see Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d 538, 544 [2006]). The rebasing law, which changed the reimbursement base year from 1983 to 2002, originally included a two-year transition period covering 2007 and 2008, but the Legislature extended the transition period until March 31, 2009 (see Public Health Law § 2808 [2-b]; L 2009, ch 2, § 1, part I, §§ 2, 3). For reimbursement periods after 2006, the Legislature eliminated certain reduction provisions, including the administrative and fiscal cap and the efficiency reduction (see Public Health Law § 2808 [14], [16]). Petitioners complain that respondents disregarded the statute by applying those expired reduction provisions during the January 2009 to March 2009 time period. We disagree. The rebasing law directs DOH to calculate the operating cost component of a facility's reimbursement rate for January 2008 through March 2009 to reflect the December 31, 2006 rate, adjusted for inflation (see Public Health Law § 2808 [2-b] [a] [i]). Thus, although those two reduction provisions expired at the end of 2006, the Legislature specifically directed that DOH utilize and reflect the 2006 rates, which necessarily included those reduction provisions.

For 2007 and 2008, petitioners did not suffer any actual loss as a result of those reduction provisions because the rebasing law provided an alternative rate adjustment to compensate facilities for the loss of those two reduction provisions; the statute also allocated a specified amount of funding for the alternative rate adjustments during 2007 and 2008 (see Public Health Law § 2808 [2-b] [a] [ii]).  While petitioners contend that DOH should have included an alternative rate adjustment to their reimbursement rates for the period of January 2009 through March 2009, the statute does not provide such an adjustment or any related funding during that time period (see Public Health Law § 2808 [2-b] [a] [ii]; L 2009, ch 2, § 1, part I, §§ 2, 3).  Inasmuch as DOH's methodology and interpretation of the law were reasonable and supported by the statute's plain language, petitioners failed to meet their heavy burden on their challenge (see Matter of Nazareth Home of the Franciscan Sisters v Novello, 7 NY3d at 544; Matter of Avenue Nursing Home & Rehabilitation Ctr. v Shah, 112 AD3d 1178, 1181 [2013]).  Accordingly, respondents were entitled to dismissal of the petition.

Lahtinen, J.P., Garry, Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court