■ Guy Santostefano, Appellant, v Middle Country Central School District et al., Respondents. [65 NYS3d 785]—

In an action to vacate a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated August 22, 2016, which granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint and denied his cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was employed as a teacher within the defendant Middle Country Central School District (hereinafter the District). In May 2015, disciplinary charges were filed against the plaintiff pursuant to Education Law § 3020-a. On August 6, 2015, the plaintiff entered into a settlement agreement with the District resolving the charges. Pursuant to the terms of the

settlement agreement, the plaintiff resigned from the District effective August 6, 2015, and the District withdrew the charges.

In January 2016, the plaintiff commenced this action to vacate the settlement agreement, alleging, in effect, that the terms of the settlement agreement permitting the District to disclose to the plaintiff's prospective employers that the plaintiff was brought up on disciplinary charges had caused harm to the plaintiff's career. The plaintiff also alleged, among other things, that he was fraudulently induced into executing the settlement agreement. The defendants moved pursuant to CPLR 3211 (a) to dismiss the complaint, inter alia, based upon the plaintiff's failure to timely serve a notice of claim, based upon documentary evidence, and for failure to state a cause of action. The plaintiff cross-moved pursuant to CPLR 3025 (b) for leave to amend the complaint. In the order appealed from, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals.

"In general, the service of a timely notice of claim pursuant to Education Law § 3813 (1) is a condition precedent to the commencement of an action or proceeding against a school district, and failure to comply with this requirement is a fatal defect" (*Matter of Baumann & Sons Buses, Inc. v Ossining Union Free Sch. Dist.*, 121 AD3d 1110, 1111 [2014]; *see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]; *School Aid Specialists, LLC v Board of Educ. of Warwick Val. Cent. Sch. Dist.*, 130 AD3d 1006 [2015]). "Although the notice of claim requirement does not apply when a litigant seeks only equitable relief, or commences a proceeding to vindicate a public interest" (*Matter of McGovern v Mount Pleasant Cent. Sch. Dist.*, 114 AD3d 795, 795 [2014] [citation omitted], *affd* 25 NY3d 1051 [2015]), here, the plaintiff sought to vindicate a private right (*see Matter of O'Connor v Board of Educ. of Greenburgh-Graham Union Free School Dist.*, 11 AD3d 616, 617 [2004]; *Sangermano v Board of Coop. Educ. Servs. of Nassau County*, 290 AD2d 498, 498 [2002]; *Matter of Stevens v Board of Educ. of McGraw Cent. School Dist.*, 261 AD2d 698, 699 [1999]; *Dodson v Board of Educ. of the Valley Stream Union Free Sch. Dist.*, 44 F Supp 3d 240, 249 [ED NY 2014]). Accordingly, since the plaintiff failed to serve a notice of claim, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) to dismiss the complaint based upon the plaintiff's failure to timely serve a notice of claim.

Furthermore, the Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR

3211 (a) (1) to dismiss the complaint. "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Burgos v New York Presbyt. Hosp.*, 155 AD3d 598 [2017]). Here, the settlement agreement utterly refuted the plaintiff's factual allegations and conclusively established a defense to the complaint as a matter of law. Contrary to the plaintiff's contention, the settlement agreement conclusively established a defense to the allegations that he was fraudulently induced into entering into the settlement agreement by the defendants' oral representations, as those allegations were barred by the specific disclaimer provisions contained in the settlement agreement (*see Danann Realty Corp. v Harris*, 5 NY2d 317, 320-321 [1959]; *Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc.*, 98 AD3d 663, 664 [2012]; *DiBuono v Abbey, LLC*, 95 AD3d 1062, 1064-1065 [2012]).

"Although leave to amend should be freely given in the absence of prejudice or surprise to the opposing party (*see* CPLR 3025 [b]), the motion should be denied where the proposed amendment is palpably insufficient or patently devoid of merit" (*J.W. Mays, Inc. v Liberty Mut. Ins. Co.*, 153 AD3d 1386, 1387 [2017]; *see Skywest, Inc. v Ground Handling, Inc.*, 150 AD3d 922, 924 [2017]). "Whether to grant such leave is within the motion court's discretion, the exercise of which will not be lightly disturbed" (*Pergament v Roach*, 41 AD3d 569, 572 [2007]). Here, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint, as the proposed amendments were palpably insufficient or patently devoid of merit.

In light of our determination, we need not reach the parties' remaining contentions. Chambers, J.P., Roman, Miller and Duffy, JJ., concur.