Ira & Larry Weinstein, LLC v Smart SMR of N.Y., Inc. (2018 NY Slip Op 05146)





Ira & Larry Weinstein, LLC v Smart SMR of N.Y., Inc.


2018 NY Slip Op 05146


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-12242
 (Index No. 501858/16)

[*1]Ira and Larry Weinstein, LLC, appellant, 
v
Smart SMR of New York, Inc., doing business as Nextel Communications, et al., respondents.


Ira N. Weinstein, Brooklyn, NY, for appellant.
McElroy, Deutsch, Mulvaney & Carpenter LLP, New York, NY (William N. Aumenta of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated June 21, 2016. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In May 1995, the plaintiff's predecessor in interest, as lessor, entered into a lease with the defendant Smart SMR of New York, Inc., doing business as Nextel Communications (hereinafter Nextel), as lessee, pursuant to which the plaintiff's predecessor leased to Nextel the right to install telecommunications equipment on premises owned by the plaintiff. In February 2016, the plaintiff commenced this action against Nextel and the defendant American Tower Corporation (hereinafter together the defendants), inter alia, to recover damages for breach of contract, alleging that the defendants breached the lease by failing to reimburse the plaintiff for increased real estate taxes the plaintiff paid that were directly attributable to the defendants' radio communications facilities. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, arguing, among other things, that the lease obligated the plaintiff to pay all real estate taxes. In the order appealed from, the Supreme Court granted the defendants' motion. The plaintiff appeals.
We agree with the Supreme Court's determination to grant that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint. A motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88; Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926, 928; Hershco v Gordon & Gordon, 155 AD3d 1007, 1008). In support of their motion, the defendants submitted the parties' lease, which provided that the plaintiff "shall pay all real property taxes." Thus, the unambiguous terms of the lease utterly refuted the plaintiff's allegation that the lease obligated the defendants to reimburse the plaintiff for its increase in real estate taxes (see [*2]Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1113; 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 5).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court