| |
|---|
| **Cutaneo v New York City Dept. of Educ.** |
| 2024 NY Slip Op 33478(U) |
| September 26, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509064/2024 |
| Judge: Gina Abadi |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, City Part 7 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof at 360 Adams St., Brooklyn, New York, on the 26th day of September, 2024.

P R E S E N T:

HON. GINA ABADI,
J.S.C.

---

CRAIG CUTANEO,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
MICHAEL PRAYOR, Superintendent of
District 21, in his Official and Individual Capacity; and
ANDREA CILIOTTA, Principal of Brooklyn Studio
Secondary School, in her Official and Individual Capacity,

Defendants.

Index No.: 509064/2024
Motion Seq: 1-2[1]

DECISION, ORDER,
AND JUDGMENT

---

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of this motion:

| Papers | NYSCEF Numbered |
|---|---|
| Notice of Motion/Cross Motion/Order to Show Cause and Affidavits (Affirmations) Annexed . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 – 13, 16 |
| Opposing Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . | 18 |
| Reply Affidavits (Affirmations) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 19 – 22 |
| Other . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |

Upon the foregoing cited papers and after oral argument, defendants New York City Department of Education; Michael Prayor, Superintendent of District 21, in his Official and Individual Capacity; and Andrea Ciliotta, Principal of Brooklyn Studio Secondary School, in her Official and Individual Capacity (collectively, defendants), jointly move, pre-answer, for an order, pursuant to CPLR §§ 3211(a) (1) and (7), dismissing the entirety

---

[1] Motion Seq. No. 1 has been superseded by Motion Seq. No. 2. *See* NYSCEF Doc No. 16 (Notice of Motion as marked "Amended" on the e-courts docket).

[* 1]

of the Verified Complaint, dated March 29, 2024 (Verified Complaint or VC), of plaintiff Craig Cutaneo (plaintiff).

Plaintiff, a tenured physical education teacher with the New York City Board of Education, commenced this action for monetary and equitable relief based on: (1) defendants' alleged age discrimination in violations of the New York State and New York City Human Rights Law (the first and second causes of action) (VC, ¶¶ 1, 38-41, 43-46); and (2) defendants' alleged breach of the "Post-Charge Stipulation of Settlement SED #36,738," dated July 8, 2021 (the third and final cause of action) (VC, ¶¶ 48-53).

In lieu of an answer, defendants served the aforementioned motion to dismiss, contending (among other things) that the Verified Complaint should be dismissed on account of plaintiff's failure to serve a predicate notice of claim as required by Education Law § 3813. Plaintiff does not dispute that he did not serve a notice of claim before commencing this action, but contends (in Point IV of his Memorandum of Law in Opposition at NYSCEF Doc No. 18) that his prior "dual filing with the [New York State Department of Human Rights and with the Equal Employment Opportunity Commission] satisfies the notice of claim requirements." Plaintiff is incorrect as a matter of law. "What satisfies a statute such as section 3813 of the Education Law is not knowledge of the wrong. What the statute exacts is notice of the claim [to the statutorily designated entity]." *Parochial Bus Sys., Inc. v Board of Educ. of City of NY*, 60 NY2d 539, 548 (1983) (internal quotation marks and alterations omitted).

"Education Law § 3813 (1) broadly requires the filing of a notice of claim as a condition precedent to an 'action . . . for any cause whatever,' which includes . . . causes

2

[* 2]

of action pursuant to the New York State [and the New York City] Human Rights Law[s]." *Seifullah v City of NY*, 161 AD3d 1206, 1206 (2d Dept 2018). "The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose. . . . Satisfaction of these requirements is a condition precedent to bringing an action against a school district or a board of education and, moreover, failure to present a claim within the statutory time limitation . . . is a fatal defect." *Parochial Bus Sys.*, 60 NY2d at 547 (1983) (internal citations omitted). *See also Blaize v New York City Dept of Educ.*, 205 AD3d 871, 874 (2d Dept 2022).

"Although the notice of claim requirement does not apply when a litigant seeks only equitable relief, or commences a proceeding to vindicate a public interest, here, the plaintiff sought to vindicate a private right." *Santostefano v Middle Country Cent. School Dist.*, 156 AD3d 926, 927 (2d Dept 2017) (internal quotation marks and citations omitted). *See also Cavanaugh v Board of Educ. of Huntington Union Free School Dist.*, 296 AD2d 369, 369 (2d Dept 2002) ("Where, as here, a plaintiff seeks private relief for employment discrimination in violation of the [New York State Human Rights] Law, the timely filing of a notice of claim is a condition precedent to suit.").

Under the circumstances of this case (including plaintiff's prior prosecution of his age-discrimination suit against the Department of Education in federal court[2]), the Court, in its discretion, declines to permit plaintiff to cure the procedural defect of failing to serve

---

[2] *See Cutanco v New York City Dept. of Educ.*, 2024 WL 3362215 (ED NY Feb. 29, 2024) (memorandum decision and order of dismissal) (NYSCEF Doc No. 12).

his notice of claim prior to the commencement of this action. *See Matter of Silvernail v Enlarged City School Dist. of Middletown*, 40 AD3d 1004, 1005 (2d Dept 2007).

The Court has considered the parties' remaining contentions and found them moot in light of its determination.

Accordingly, it is

**ORDERED** that defendants' pre-answer motion for an order, pursuant to CPLR §§ 3211 (a) (1) and (7), dismissing the Verified Complaint is *granted*, and the Verified Complaint is dismissed in its entirety with prejudice and without costs or disbursements; and it is further

**ORDERED** that the Corporation Counsel is directed to electronically serve a copy of this Decision, Order, and Judgment on plaintiff's counsel and to electronically file an affidavit of service thereof with the Kings County Clerk.

The foregoing constitutes the Decision, Order, and Judgment of this Court.

ENTER,

_____
HON. GINA ABADI
J. S. C.